In *re* MARRIAGE OF RONALD JOSEPH BRUST, Petitioner-Appellant, and MARY ELIZABETH BRUST, Defendant-Appellee.

Fifth District   No. 5—85—0634

Opinion filed July 1, 1986.

Don E. Prosser, of Gilbert, Kimmel, Huffman & Prosser, Ltd., of Carbondale, for appellant.

W. A. Armstrong, of Mitchell & Armstrong, Ltd., of Marion, for appellee.

JUSTICE JONES delivered the opinion of the court:

In a proceeding for "Post-Judgment Relief" the petitioner, Ronald Brust, sought contribution from the respondent, Mary Elizabeth Brust, his former wife, for one-third of the amount of educational and related expenses incurred by the parties' son, Mark Brust, while attending the Rankin Technical Institute in St. Louis, Missouri, during the school year of 1984-1985. The marriage of the parties was dis-

solved in a judgment entered April 24, 1981. Mark Brust, their only child, attained the age of 18 on May 3, 1981. The trial court found in paragraph four of the judgment of dissolution "that each party expects the said child to attend college after high school" and in paragraph five "[t]hat both parties are in good health and are regularly and gainfully employed, he as an electrician for a coal mining company and she as an office manager, and each is self-supporting, although the Petitioner's earnings are approximately three times those of the Respondent." The court found further in paragraph 12 of the judgment of dissolution "[t]hat each party is able to contribute to the education of the minor child of the parties during any course of post-high school instruction he may qualify for." In this regard the court ordered as follows:

"III. That should the minor child choose to pursue a post-high school course of instruction that the petitioner shall provide two-thirds of the tuition, books, fees and reasonably necessary living expenses, including cost of automobile expense and upkeep, and respondent shall provide the other one-third of such expenses, provided that such tuition, books and fees that may be reasonably provided by grants or scholarships applied for in appropriate and timely fashion shall be applied to reduce the contributions to such education for the said child; said payments to continue for not to exceed four years of such schooling and excepting room and board expenses during any school recess or vacation exceeding two weeks in duration. No room and board expenses are payable during any period the child resides with either parent for more than two consecutive weeks during any school term."

No appeal was taken from the judgment of dissolution.

At a hearing on July 10, 1985, the petitioner testified that Mark Brust had obtained an Associate Degree in Mining Technology from John A. Logan College (Logan) in May of 1984. Prior to graduation from Logan he applied to Rankin Technical Institute (Rankin) to take a two-year course of study in heating and refrigeration and attended Rankin from August of 1984 until May or June of 1985 with plans to return there in August of 1985 for the second year of the program. Expenses for the first year of study at Rankin amounted to $5,443.79, paid by the petitioner. They included tuition and fees, tools and supplies, rent for an apartment, food, automobile insurance, automobile expenses, and other living expenses. The respondent had refused to pay any of the expenses incurred during the course of study at Rankin. The petitioner testified further that at the time of the hear-

ing Mark Brust was living with him and employed by a heating and air-conditioning contractor.

Called by the petitioner as a witness, Roy Midler, who is a supervisor and chief electrician for Consolidation Coal Company in De Soto, Illinois, testified that he has "input" concerning the hiring of prospective employees and that such technical training as that offered at Rankin might aid a prospective employee in obtaining a job since mining equipment is heated and air conditioned and in view of the economic difficulties of the coal industry and the competition for jobs there.

The respondent testified that she did not believe she was responsible for paying any of her son's expenses incurred during the course of study at Rankin "[b]ecause I feel like he got his degree from John A. Logan."

In ruling in favor of the respondent the trial court indicated that it had drafted "at least part" of the judgment of dissolution of marriage and observed:

> "In most instances, the Court considers an undergraduate degree to be—or an equivalent to be the responsibility, primary responsibility of the parents. After that, the obligation of the parents, as a matter of general consideration, is terminated by the Court. *** The Court intended, by this provision, to provide for a formal education, formal training of the child beyond high school in a field or course of his choice which would encompass the normal four-year undergraduate course of instruction at a college or university. The costs of such an education are usually limited by this Court to equivalent to state-supporte [*sic*] universities or colleges in Illinois for resident students so that there is no overreaching by a custodial parent or  child in pursuing a course of education, basic course of educa.. .n. Now, the evidence is that in this case the child did enroll in a course of instruction leading to an Associate's Degree, completed that, and then, for other reasons and purposes, decided to concentrate or, apparently, specialize. In the judgment of this Court, the obligation of the parents to the child was satisfied when the child achieved the Associate's Degree unless, as part of the child's overall education, included some kind of specialization that was encompassed in his first or initial enrollment into that course of what I would call undergraduate study. *** [I]n my judgment, the heating and air conditioning specialization course is not encompassed in the Court's order of post—course of post-high school instruction. And the four-year term is not a grant;

it's a limitation. And it is intended to be a cut-off date and to require a continuous course of instruction and not a source of income for a child if the child was so inclined to look at it that way. *** I think what I have said and what I am saying is that with the satisfaction of the expenses of the John A. Logan Mining Technology course, the Respondent's obligation under this judgment is satisfied and that there is no obligation for the Ranken [sic] school expenses at this time under the order of this Court."

The trial court ordered that the petitioner recover nothing, finding "[t]hat pursuant to Article III of the Decree of Dissolution herein, the obligation of the Respondent was fulfilled when Mark Brust received his Associate Degree in Mining Technology from Wabash Junior College through John A. Logan Junior College."

Prior to this proceeding the petitioner had filed on September 24, 1984, a petition for rule to show cause why the respondent should not be held in contempt for failure to contribute to the expenses incurred by Mark Brust while attending Logan. In entering judgment on February 25, 1985, against the respondent in the amount of $269.40 the trial court found that Mark had attended Logan in the fall semester of 1981, the spring semester of 1982, the spring and fall semesters of 1983, and the spring semester of 1984. The court took judicial notice of the judgment of February 25, 1985, in the present proceeding.

The petitioner presents two issues for review: whether the trial court ruled correctly in denying his petition "to enforce the Judgment of Dissolution of Marriage" and whether the trial court erred by "modifying" the terms of the judgment of dissolution.

At the time the instant judgment of dissolution was entered, section 513 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 513) provided for the making of awards for the education of children of minor or majority age in pertinent part as follows:

"The Court also may make such provision for the education and maintenance of the child or children, whether of minor or majority age, out of the property of either or both of its parents as equity may require, whether application is made therefor before or after such child has, or children have, attained majority age. In making such awards, the court shall consider all relevant factors which shall appear reasonable and necessary, including:

(a) The financial resources of both parents.

(b) The standard of living the child would have enjoyed had

the marriage not been dissolved.

(c) The financial resources of the child." (Ill. Rev. Stat. 1979, ch. 40, par. 513.)

In an amendment effective January 1, 1982, the courts were authorized to consider both the property "and income" of either or both parents as equity may require in making such an award. (Ill. Rev. Stat. 1985, ch. 40, par. 513.) The language of the statute is not couched in terms of the attainment of a college degree, nor does it limit the child to the pursuit of a single course of study. Rather, it is phrased in terms of equitable considerations.

■■■ Like any other written instrument, a judgment or decree is to be construed reasonably and as a whole so as to give effect to the apparent intention of the court. (*Pope v. Pope* (1972), 7 Ill. App. 3d 935, 289 N.E.2d 9.) The judgment of dissolution in question appears to express the intent that the parties provide an undergraduate college education for Mark Brust. It goes without saying that the pursuit of an undergraduate degree ordinarily occupies four years, and it is not uncommon for a student attending college to change his or her major prior to obtaining a degree. The instant judgment of dissolution provides for payment by the parties of educational and related expenses for not to exceed four years, and we think that the conduct of Mark Brust in obtaining an associate degree and subsequently pursuing another largely unrelated course of study at another institution is akin to the changing of a major by a student during the pursuit of a college degree, although we recognize the obvious differences in the situation here, particularly the fact that he will not, after completion of the two-year course of study at Rankin, be in possession of a bachelor's degree. However, in view of the finding of the court that the parties expected him to attend college after high school, we think it equitable, as section 513 provides, for the parties to contribute to the expenses incurred by him in his first year of study at Rankin. The parties have not asked us to make any determination concerning their respective contributions to any expenses incurred by him for a second year of study there, and we do not do so.

In view of the equitable considerations mandated by section 513 and the requirement that in making such an award the court shall consider as a factor the financial resources of the child, we think that, under the circumstances presented here the court should consider the contribution that Mark Brust may make toward financing the first year of his education at Rankin, particularly since that institution is not an educational facility supported by the State of Illinois, where as a State resident he could have availed himself of the in-State tuition

fee. According to the testimony of the petitioner, at the time of the hearing in July of 1985 Mark Brust was living with the petitioner and was employed. We presume that he was able to contribute to the cost of his education and, thus, to relieve to some extent the financial burden that it imposed upon his parents, particularly the respondent, whose income is but one-third that of the petitioner. We think that his income should have been devoted to obtaining his education and not to enhancing his lifestyle.

We therefore reverse the judgment of the trial court that the petitioner recover nothing pursuant to his petition for post-judgment relief and remand the cause to the trial court for a determination of (1) the amount Mark Brust may equitably be expected to contribute toward the expenses he incurred during his first year of study at Rankin and (2) the amount, if any, of these expenses to be borne *pro rata* by each of the parties as set forth in the judgment of dissolution. We make no determination here that the judgment of dissolution contemplated payment by the parties of all of the expenses testified to by the petitioner, and we leave that consideration to the discretion of the trial court.

In view of our disposition of the first issue raised on appeal, we need not consider the other issue presented for review.

Reversed and remanded.

WELCH and HARRISON, JJ., concur.