(No. 73148.—

*In re* APPLICATION OF THE DU PAGE COUNTY COLLECTOR, for Judgment and Sale for Taxes Against Real Estate Delinquent for Nonpayment of General Taxes for the Year 1985 (John Lotus Novak, Du Page County Treasurer and Ex-Officio Collector, Appellant; Inland Real Estate Corporation, Appellee).

*Opinion filed October 22, 1992.*

James E. Ryan, State's Attorney, and Barbara A. Preiner and Anna B. Harkins, Assistant State's Attorneys, of Wheaton, for appellant.

James A. Geraghty, of Wheaton, for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

In this appeal, we consider whether the written finding required by Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), permitting review of final judgments that do not dispose of an entire proceeding, must refer to both enforceability and appealability for appellate jurisdiction to exist.

Taxpayers Application Engineering, Jewel Companies, Inc., and the Inland Real Estate Corporation, owners of real estate in Du Page County, paid real estate taxes in 1986 under protest, separately contending various levies were improper. Relevant here, each of the taxpayers contended that the levy for tort liability insurance was improper because it caused the general corporate levy to exceed the rate permitted by statute. (See Ill. Rev. Stat. 1985, ch. 85, par. 9–104.) All three of those objections were sustained in identically worded orders following hearings in the circuit court of Du Page County. Acknowledging that other pending objections were to be disposed of subsequently, each order recited that there was "no just [reason] to delay appeal" of the successful challenges related to the levies for tort liability insurance.

The Du Page County treasurer and ex-officio county collector, through the State's Attorney of Du Page County, timely sought review of the orders pursuant to Supreme Court Rule 304(a). The matters were thereafter consolidated for review. The appellate court, however, dismissed the appeal (Nos. 2—90—1288, 2—90—1289, 2—90—1290 cons. (unpublished order under Supreme Court Rule 23)), concluding that the language of the orders was insufficient to confer appellate jurisdiction under the rule. More specifically, although noting that each order referred to its appealability, the court concluded that the absence of language relating to enforceability was fatal to appellate jurisdiction under the requirements of Rule 304(a). We granted the collector leave to appeal (134 Ill. 2d R. 315(a)) and now reverse.

## DISCUSSION

Rule 304(a), supplanting, without change in substance, section 50(2) of the Civil Practice Act, was intended to provide an easy method of determining when orders affecting fewer than all of the parties or claims in an action were appealable. (134 Ill. 2d R. 304, Committee Comments, at 245.) Instead, the operative language, contained in the first sentence of the rule, has proven problematic. (134 Ill. 2d R. 304, Committee Comments, at 245.) That sentence provides:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims *only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal.*" (Emphasis added.) 134 Ill. 2d R. 304(a).

Considerable confusion concerning the rule's application has centered on what must be stated in the required written finding for appellate jurisdiction to exist. More

specifically, courts have struggled with the question of whether the written finding must employ both the terms "enforcement" and "appeal" or whether reference to only one of those terms is sufficient.

The fourth and fifth divisions of the first district of the appellate court (see *Hopkins v. Illinois Masonic Medical Center* (1991), 211 Ill. App. 3d 652; *Hamer v. Lentz* (1987), 155 Ill. App. 3d 692) and the second district of the appellate court (see *Pettie v. Williams Brothers Construction, Inc.* (1991), 216 Ill. App. 3d 801; *Arachnid, Inc. v. Beall* (1991), 210 Ill. App. 3d 1096) have read the rule to require virtual duplication of the phrase "no just reason for delaying enforcement or appeal." Those courts have construed the words "only if" in the rule to prescribe what words must be contained in the written finding. As a result, "or" in the phrase "enforcement or appeal" is read as the conjunction "and" such that the terms "enforcement" and "appeal" are required to appear in the written finding.

The third division of the first district of the appellate court (see *Cwiertnia v. Zaborowski* (1989), 192 Ill. App. 3d 841; *Kucharski v. Floro* (1989), 191 Ill. App. 3d 1032) and the third district of the appellate court (see *Lawyers Title Insurance Corp. v. Kneller* (1988), 172 Ill. App. 3d 210) have allowed appeals where an intent to invoke the rule is expressed in the written finding even though one of the two terms "enforcement" or "appeal" is missing, reasoning that to rule otherwise would elevate form over substance. Those courts have construed the words "only if" to merely require that a written finding be made. As a result, "or" is read in its common disjunctive usage to indicate a choice between alternatives such that reference to either the term "enforcement" or the term "appeal" satisfies the requirements of the written finding.

In fact, neither of those constructions of the rule is accurate.

Proper reading of the rule depends, first, on understanding that the appealability of a judgment which confers a legal right can be expressed in terms of either its enforceability or its appealability, depending on the perspective of the party affected by the judgment. Further, correct construction of the rule requires the recognition that not every judgment to which the rule is applicable may be logically referred to in terms of both enforceability and appealability.

It is the prevailing party who benefits by the provision in Rule 304(a) that enforcement of a judgment may be sought without delay. The rule's provision allowing immediate appeal of the judgment is of concern to that party only because the nonprevailing party may thereby prevent enjoyment of the benefit conferred. It is precisely the prevailing party's ability to enforce a judgment which gives rise to the nonprevailing party's ability to immediately challenge the judgment on appeal. That point is made evident in understanding the sole purpose of the rule, for, while the written finding may be stated in terms of enforceability, Rule 304, in both title and substance, directly addresses the appealability of certain judgments, not their enforcement.

Appropriate reference to either enforceability or appealability in the written order is therefore a function of the perspective from which the judgment being appealed is viewed. Where the rule is invoked to allow immediate appeal (see *Kurr v. Town of Cicero* (1990), 208 Ill. App. 3d 455 (dismissing an appeal because, while the order containing judgment in plaintiff's favor for *mandamus* relief contained reference to enforceability, the record revealed that the trial judge had no intention of invoking the rule until a later date)), it is of little consequence from which perspective the written finding may be expressed. Thus, where the written finding makes the judgment immediately enforceable and it is clear from

the record that Rule 304(a) is intended to be invoked, reference to appealability is unnecessary as surplusage.

However, the above conclusion follows only in the case of a judgment which confers a legal right capable of enforcement, as where a legal duty or liability is established (see 49 C.J.S. *Judgments* §1 (1947)). By definition, a judgment may also be a judicial determination that no cause of action exists, as where a claim is defeated or a count of a complaint dismissed. (See 49 C.J.S. *Judgments* §1 (1947).) In such a case, it makes no sense to speak of enforceability for there is simply no judgment to enforce. (*Pettie*, 216 Ill. App. 3d at 805 (Reinhard, P.J., dissenting).) It would be proper in such cases to find only that there is no reason to delay appeal from such a judgment.

With the understanding that the effect of any judgment is to establish a legal right or defeat a claim, the correct usage of "or" in the rule becomes clear. "Or" is to be read in its common disjunctive usage (see Webster's Third New International Dictionary 1585 (1986)) to indicate that a choice is to be made between reference to the term "enforcement" or the term "appeal." All the rule requires is that the written finding refer to either "enforcement" or, alternatively, "appeal" depending upon which term is appropriate in view of the effect of the judgment from which appeal is sought.

We therefore hold that where it is clear from the record that review is sought from a judgment pursuant to Rule 304(a) and the judgment confers a legal right capable of enforcement, the required written finding is sufficient to establish appellate jurisdiction if it refers to either the judgment's immediate enforceability or its immediate appealability. That must be so because the nonprevailing party's ability to appeal from such a judgment under the rule can be stated in the written finding directly with reference to appealability or indirectly as

the result of a finding allowing the prevailing party to immediately enforce the judgment. However, we hold that where appeal is sought pursuant to Rule 304(a) from a judgment which defeats a claim or is in the nature of a dismissal, the written finding is sufficient only if it refers to appealability. For such judgments, reference to enforceability cannot confer appellate jurisdiction because there is simply no judgment to enforce.

We now turn to consideration of the appellate court's dismissal of the consolidated appeal in the matter before us. The record indicates that the collector sought to appeal the taxpayers' successful challenges to the levies related to tort liability insurance pursuant to Rule 304(a) and, accordingly, a written finding to that effect was included in each of the orders. Each finding referred to appealability of the respective judgments reciting that the levies for tort liability insurance purposes were "illegal, excessive, and void." The substance of each of the judgments essentially was to defeat a claim for real estate taxes due. The judgments contained no ruling for which it would be logical to speak in terms of enforcement. Thus, reference to appealability of those judgments in the written finding was appropriate and was sufficient to confer appellate jurisdiction pursuant to Rule 304(a).

Although the parties have submitted arguments on the substantive issues involved in this case without addressing, with citation to authority, why we should consider those issues, we decline the invitation to do so.

The judgment of the appellate court is reversed and the causes are remanded to that court for consideration of the issues raised in the appeals.

*Reversed and remanded.*