ALLIANCE SYNDICATE, INC., Plaintiff-Appellant, v. BRAD FOOTE GEAR WORKS, INC., *et al.*, Defendants-Appellees (Brad Foote Gear Works, Inc., Counterplaintiff; Alliance Syndicate, Inc., Counterdefendant; Bell Helicopter Textron, Inc., Nominal Defendant).

First District (3rd Division)   No. 1—92—0774

Opinion filed March 31, 1993.

Brydges, Riseborough, Morris, Franke & Miller, of Waukegan (Louis W. Brydges, Sr., and Leslie A. Peterson, of counsel), for appellant.

Wessels & Pautsch, P.C., of Milwaukee, Wisconsin, and Lamb & Lamb, of Washington, D.C. (Frank A. Bumina and George Peter Lamb, Jr., of counsel), for appellee Brad Foote Gear Works, Inc.

James C. Schroeder, of Mayer, Brown & Platt, of Chicago, for appellee Bell Helicopter Textron, Inc.

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff Alliance General Insurance Company, formerly Alliance Syndicate, Inc. (Alliance), appeals the trial court's declaratory judgment that it must defend and indemnify its insured, defendant Brad Foote Gear Works (Brad Foote), in an underlying action brought by Bell Helicopter Textron (Bell) against Brad Foote arising from alleged breach of a contract requiring Brad Foote to design and manufacture gear boxes for Bell.

We have no jurisdiction to hear this appeal pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) since it is not a final order which disposes of all of the issues in the case and there is no written finding regarding the appealability of the order, pursuant to *In re Application of the Du Page County Collector* (1992), 152 Ill. 2d 545, 550-51, 605 N.E.2d 567.

Alliance issued an insurance policy to Brad Foote entitled "Broad Form Comprehensive General Liability Policy" effective January 1, 1988, and retroactive to January 1, 1987. Alliance later issued to Brad Foote an insurance policy titled "Commercial General Liability Policy" effective January 1, 1989, and retroactive to January 1, 1987.

Bell filed the underlying action against Brad Foote in Texas in 1989 and alleged (1) breach of contract; (2) negligence; (3) breach of warranty; (4) improper assignment and agency; and (5) constructive fraud.

Brad Foote tendered its defense to Alliance, which refused to defend and thereafter filed this declaratory judgment action to deter-

mine the extent of coverage under the insurance policies that it had issued to Brad Foote.

Brad Foote filed an answer and counterclaim which alleged (i) counts I through III: Alliance's duties to Brad Foote under its 1989 insurance policy; (ii) counts IV through VI: Alliance's duties to Brad Foote under its 1988 policy; (iii) count VII: for attorney fees and costs for unreasonable and vexatious delay by plaintiff; and (iv) count VIII: that Alliance breached a duty to act in good faith, entitling Brad Foote to treble damages.

On September 16, 1991, Brad Foote filed a motion for partial summary judgment as to Alliance's entire complaint and as to its own counts I through VI (the 1988 and 1989 policy liability), but not as to its count VII (plaintiff's unreasonable and vexatious delay in refusing to tender and refusing to settle the underlying action with Bell) and count VIII (plaintiff's breach of duty of good faith when refusing to tender and refusing to settle the underlying action). Brad Foote was joined by Bell in support of this motion.

Shortly thereafter, Alliance filed its motion for summary judgment as to the entire complaint of both parties (including Foote's counts VII and VIII).

On February 5, 1992, after a hearing on the motions, the trial court stated:

"The court has determined that there is coverage under the 1989 policy and a duty to defendant. The '89 policy is the only one which is sufficiently—definitely set out for the court to make a determination as to coverage. That's the ruling of the court."

The order which was subsequently entered provided:

"With all parties being present before the Court, the Court hereby orders as follows:

(1) That Plaintiff has a duty to defend its insured, Brad Foote Gear Works, Inc., under the 1989 Alliance policy of insurance.

(2) That Plaintiff has a duty to indemnify its insured, Brad Foote Gear Works, Inc., under the 1989 Alliance policy of insurance."

Neither the remarks of the trial court nor the order entered addressed counts IV through VIII. Notwithstanding the court's silence on these issues, Alliance alleges in its appellate brief that jurisdiction lies under Supreme Court Rule 303 (134 Ill. 2d R. 303), which provides for appeals from final judgments rather than under Rule 304 (134 Ill. 2d R. 304), which concerns appeals from a final judgment

that do not dispose of all of the parties or all of the issues in a proceeding.

■ Supreme Court Rule 304(a) provides that where there are multiple parties or multiple claims for relief, no appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims, unless the trial court makes an express written finding that there is no just reason for delaying enforcement or appeal. 134 Ill. 2d R. 304(a).

■ The February 5 order does not contain an express written finding that this order is appealable, as required by *Du Page* (152 Ill. 2d at 551). Nor does the record indicate that any request was made for such a finding.

Alliance suggests that summary judgment as to counts I through III of Brad Foote's counterclaim disposed of all of the issues before the court since both Alliance and Brad Foote had both moved for summary judgment and since the trial court did not expressly reserve any ruling on any portion of the Brad Foote counterclaim.

Alliance argues that the court's ruling with respect to counts I, II, and III of Brad Foote's counterclaim implicitly reject all of the other claims asserted in the complaint and counterclaim. In support of that proposition, Alliance cites *Weigel v. O'Connor* (1978), 57 Ill. App. 3d 1017, 373 N.E.2d 421, and *Baldi v. Chicago Title & Trust Co.* (1983), 113 Ill. App. 3d 29, 446 N.E.2d 1205.

However, *Weigel*, *Baldi*, and cases citing them, such as *In re Application of Busse* (1989), 183 Ill. App. 3d 682, 685, 539 N.E.2d 323, and *In re Marriage of Brust* (1986), 145 Ill. App. 3d 257, 261, 495 N.E.2d 133, provide that orders or judgments ought to be examined like other written instruments and should be reasonably construed as a whole to give effect to the intention of the court and must be read, understood and construed in connection with the pleadings on file. *Weigel*, 57 Ill. App. 3d at 1026-27; *Baldi*, 113 Ill. App. 3d at 33.

The sparse language of the court's ruling and the order do not provide us with the expanded intention of the court that Alliance urges upon us. To the contrary, in its brief remarks, the trial court states that "[t]he '89 policy is the only one which is sufficiently—definitely set out for the court to make a determination as to coverage." In other words, in examining the record on a motion for summary judgment, the court found that only the 1989 policy was susceptible to summary proceedings. It did not expressly or implicitly reject the notion that the 1988 policy or Brad Foote's other causes of action or a part of Alliance's complaint might not be meritorious after the trial of the case.

We concede that where the issue in the initial complaint is exactly the same as those necessary to determination of the counterclaim, summary judgment on the complaint will be a final judgment notwithstanding the order's silence as to the counterclaim. (*Lynch Imports, Ltd. v. Frey* (1990), 200 Ill. App. 3d 781, 558 N.E.2d 484; *Deerfield Management Co. v. Ohio Farmers Insurance Co.* (1988), 174 Ill. App. 3d 837, 529 N.E.2d 243.) However, that is not the case here since a portion of plaintiff's initial complaint as to the 1988 insurance policies as well as other portions of Brad Foote's counterclaim remained undetermined by the order of February 5.

The supreme court recently interpreted Rule 304(a) to state that where an appeal is taken from a judgment which defeats a claim or is in the nature of a dismissal, the written finding of the trial court must refer to the appealability of the judgment. (*Du Page*, 152 Ill. 2d at 550-51.) Not only is a written finding of appealability required, but such a finding, if improper, cannot make a nonfinal order final and consequently appealable. (*In re Johnson* (1985), 134 Ill. App. 3d 365, 480 N.E.2d 520; *Mitrenga v. Martin* (1982), 110 Ill. App. 3d 1006, 443 N.E.2d 268.) In the instant case, there was no statement of the appealability of the judgment in the court's written order.

For the foregoing reasons, we find we have no jurisdiction over this appeal and this appeal is hereby dismissed.

Dismissed.

TULLY, P.J., and RIZZI, J., concur.