FIRST DIVISION

July 15, 2002

Nos. 1-00-1954 and 1-00-3352 (Cons.)

RICHARD McCORRY and BARBARA McCORRY, ) Appeal from the

) Circuit Court of

Plaintiffs-Appellants, ) Cook County

)

v. )

)

NIHAL GOONERATNE, and EVANGELICAL )

HOSPITALS CORPORATION, f/k/a Christ ) 

Hospital and Medical Center, )

)

Defendants-Appellees )

)

) Honorable (Thomas Hurley,       ) James Varga and

) Kathy Flanagan,

Defendant). ) Judges Presiding

JUSTICE McNULTY delivered the opinion of the court:

After surgery left Richard McCorry paralyzed, he and his wife, Barbara McCorry, sued the surgeon, Dr. Thomas Hurley, the radiologist, Dr. Nihal Gooneratne, and Christ Hospital, where Hurley performed the surgery.  The trial court granted Gooneratne's motion for 
summary judgment
 because it found no evidence that Gooneratne's alleged negligence had any causal connection to the injuries. 
Plaintiff
s appeal from that judgment in docket number 1-00-1954.  Christ Hospital moved to dismiss one count of the amended complaint based on the statute of limitations.  The trial court granted the motion, holding that the count did not relate back to the original complaint. 
Plaintiff
s appeal from that ruling in docket number 1-00-3352.  We consolidated the appeals.

BACKGROUND

Richard had back pain that prevented him from sitting for prolonged periods.  The pain steadily worsened through 1993 and early 1994, to the point that Richard could no longer drive.  In June 1994 Dr. Andrew Kazaniwskyj admitted Richard to Christ Hospital for a neurosurgery consultation.  Hurley, a neurosurgeon, examined Richard and ordered a magnetic resonance imaging (MRI) test of the upper part of Richard's spine, the part in his neck.  Gooneratne reported that the MRI showed disc herniation at two locations.

Hurley performed the surgery on October 27, 1994.  When Richard awoke after surgery, Hurley tested his condition and found Richard unable to move his legs.  Hurley ordered a new MRI.  Although he discussed the possibility of further surgery with 
plaintiff
s, he did not recommend surgery, as he had little hope of restoring any function to the legs.  Richard remains paralyzed.

Plaintiff
s filed their original complaint on October 25, 1996, alleging as follows:

"On or about June 15, 1994, NIHAL GOONERATNE, M.D., administered and interpreted diagnostic MRI films of RICHARD MCCORRY's cervical spine at CHRIST HOSPITAL

* * *

*** HURLEY *** [m]isread and misinterpreted the MRI films of the 
Plaintiff
's cervical spine; [and a]pplied additional and unnecessary pressure to the 
Plaintiff
's spinal cord during surgery ***.

* * *

*** GOONERATNE *** [m]isread and misinterpreted the MRI films of the 
Plaintiff
's cervical spine."

Plaintiff
s claimed that Richard's paralysis resulted from the negligence. 
Plaintiff
s sought to hold Christ Hospital liable based on 
respondeat superior
; they alleged no negligence of Christ Hospital apart from the negligence of the named doctors.

No. 1-00-1954

In his deposition Hurley swore that he interpreted the MRI films himself when he performed the operation. He did not rely on Gooneratne's report.  Gooneratne moved for 
summary judgment
, and he attached to his motion an excerpt from the transcript of the deposition. 
 Plaintiff
s missed the initial date for a response to the motion and sought an extension of time.  The trial court allowed extra time but added that 
plaintiff
s should respond with "Counter-Affidavits only."  After 
plaintiff
s filed their affidavits but no brief, the court denied the motion for 
summary judgment
 because Gooneratne failed to supply all relevant portions of Hurley's deposition.

Gooneratne moved for reconsideration, supporting the motion with the complete transcript of Hurley's deposition.  By order dated January 28, 2000, the court set the motion for ruling on February 28, 2000. 
 Plaintiff
s did not seek leave to respond to the motion for reconsideration.  On February 28, 2000, the court granted the motion for reconsideration and entered 
summary judgment
 in favor of Gooneratne.  The court added, "This finding is made pursuant to Supreme Court Rule 3204(a) [
sic
] thus there is no just reason to delay the enforcement or appeal of this order."

Plaintiff
s moved to reconsider the judgment and fully briefed the merits of the 
summary judgment
 motion.  By order dated April 19, 2000, the trial court denied the motion for reconsideration, stating that the 
"summary judgment
 entered in favor of Dr. Nihal Gooneratne on February 28, 2000 stands."  On May 16, 2000, 
plaintiff
s moved for a finding that the order denying the motion to reconsider was final and appealable.  The court granted the motion by order dated May 22, 2000. 
 Plaintiff
s filed their notice of appeal for docket number 1-00-1954 on June 2, 2000.  

Gooneratne asks this court to dismiss 
plaintiff
s' appeal for want of jurisdiction.  Supreme court rules narrowly circumscribe this court's jurisdiction.  If the appellant fails to comply with the deadline for appeals provided in Supreme Court Rule 303 (155 Ill. 2d R. 303), this court lacks authority to consider the appeal.  See 
Bernhauser v. Glen Ellyn Dodge, Inc.
, 288 
Ill. App. 3d
 984, 989, 683 N.E.2d 1194 (1997).  When the trial court finds no reason to delay enforcement or appeal of a judgment that is final with respect to one of multiple parties to a case, the appellant must file the notice of appeal within 30 days after disposition of postjudgment motions.  155 Ill. 2d Rs. 303(a)(1), 304(a).

Here the trial court purported to enter a final judgment in favor of Gooneratne on February 28, 2000.  The court expressly found no reason to delay enforcement or appeal, apparently rendering the judgment immediately appealable under Supreme Court Rule 304.  155 Ill. 2d R. 304(a); 
Reyes v. Compass Health Care Plans
, 252 
Ill. App. 3d
 1072, 1078, 625 N.E.2d 246 (1993). 
Plaintiff
s filed a timely postjudgment motion for reconsideration, tolling the time for appeal.  
Elmhurst Auto Parts, Inc. v. Fencl-Tufo Chevrolet, Inc.
, 235 
Ill. App. 3d
 88, 90, 600 N.E.2d 1229 (1992). 
 Plaintiff
s had 30 days from the denial of their motion for reconsideration in which to file the notice of appeal.  They did not do so.  Instead, they later filed a motion for a second finding of appealability and filed a notice of appeal after the court granted that motion.  Even if we construed the motion for a finding of appealability as a postjudgment motion, the appeal filed after that finding would not be timely, because a second successive postjudgment motion does not toll the time for appeal.  
Sears v. Sears
, 85 Ill. 2d 253, 259, 422 N.E.2d 610 (1981).

Plaintiff
s try several different theories to show that the rules authorize this court to hear this appeal.  First 
plaintiff
s suggest that the order dated February 28, 2000, lacked the finding requisite for appealability under Rule 304(a).  Although the court found no just reason to delay appeal, the court made the finding pursuant to a nonexistent "Rule 3204(a)."  
In re Application of DuPage County Collector
, 152 Ill. 2d 545, 605 N.E.2d 567 (1992), established applicable standards for Rule 304(a) findings.  When the judgment dismisses a count of the complaint, the court must refer to the judgment's immediate appealability.  
DuPage County
, 152 Ill. 2d at 550-51.  Other language found here is unnecessary surplusage with no effect on appealability.  
DuPage County
, 152 Ill. 2d at 549-50.  The court here made the finding requisite for immediate appealability.

Plaintiff
s argue that the order dated February 28, 2000, was not a final judgment. 
 Plaintiff
s point out that the trial court here failed to hold a hearing on the 
summary judgment
 motion before entering the order of February 28, 2000, and court rules require such a hearing.

A judgment is final if it determines the rights of the parties on some definite part of the litigation.  
Citicorp Savings of Illinois v. First Chicago Trust Co. of Illinois
, 269 
Ill. App. 3d
 293, 296-97, 645 N.E.2d 1038 (1995).  The order of February 28, 2000, granted Gooneratne 
summary judgment
 on the only claim against him, thereby terminating the litigation against him.  That order constitutes a final judgment unless it is void, and it is void only if the court lacked jurisdiction to enter the judgment (
People v. Davis
, 156 Ill. 2d 149, 155, 619 N.E.2d 750 (1993)), or if a party procured the judgment through fraud (
Terra-Nova Investments v. Rosewell
, 235 
Ill. App. 3d
 330, 335, 601 N.E.2d 1109 (1992)).

Plaintiff
s have not argued that fraud contributed to the judgment.  Our supreme court in 
Steinbrecher v. Steinbrecher
, 197 Ill. 2d 514, 531, 759 N.E.2d 509 (2001), held that a judgment is not void for want of jurisdiction as long as the court has both subject matter jurisdiction and personal jurisdiction over the parties. 
Plaintiff
s, who sought the circuit court's adjudication of their claims, do not dispute its subject matter jurisdiction or its personal jurisdiction over them.  Accordingly, the judgment in favor of Gooneratne entered on February 28, 2000, was a valid final judgment disposing of the claim against him.  Any error or irregularity in its entry cannot affect its validity as a final judgment.  See 
Miller v. Balfour
, 303 
Ill. App. 3d
 209, 216, 707 N.E.2d 759 (1999).

Next, 
plaintiff
s claim that they could not appeal until the court added Rule 304(a) language to the order denying their motion for reconsideration.  Rule 303(a)(1) provides that parties have 30 days from disposition of the posttrial motion in which to appeal.  155 Ill. 2d R. 303(a)(1).  The rules do not require a second finding of appealability in the order denying any posttrial motion.  
Waters v. Reingold
, 278 
Ill. App. 3d
 647, 652 n.5, 663 N.E.2d 126 (1996), 
overruled on other grounds
, 
Niccum v. Botti, Marinaccio, DeSalvo & Tameling, Ltd.
, 182 Ill. 2d 6, 8-9, 694 N.E.2d 562 (1998).  The order denying a motion for reconsideration is not itself appealable, and it is not a judgment.  
Sears
, 85 Ill. 2d at 258.  As Rule 304(a) requires the finding of appealability only for final judgments, the judgment against one of several parties becomes appealable with the disposition of the postjudgment motion without any separate finding of appealability for the order concerning the postjudgment motion.  Therefore the lack of Rule 304(a) language in the order denying the motion for reconsideration had no effect on the time for appeal.

The time for appeal began when the court denied the postjudgment motion by order dated April 19, 2000.  The trial court lost jurisdiction 30 days later, on May 19, 2000. 
In re Marriage of Breslow
, 306 
Ill. App. 3d
 41, 49, 713 N.E.2d 642 (1999).  But 
plaintiff
s moved for addition of Rule 304(a) language to the order denying the postjudgment motion.  The court entered an order dated May 22, 2000, granting the request for appealability language. 
 Plaintiff
s now contend that Gooneratne's counsel appeared in court and argued the merits in response to the motion for additional language, without challenging the court's jurisdiction, thereby revesting the court with jurisdiction.

The record includes no transcript of the hearing on the motion, and the court's order makes no reference to the arguments of the parties.  Thus, the record does not support 
plaintiff
s' claim that Gooneratne's counsel argued the merits, failed to contest the court's jurisdiction, or even appeared at the hearing.  We cannot presume that we have authority to decide an appeal on the basis of a record insufficient to show our jurisdiction. See 
Nenadic v. Grant Hospital
, 75 
Ill. App. 3d
 614, 625, 394 N.E.2d 527 (1979).

Moreover, even if Gooneratne appeared and argued against the motion for a finding of appealability, the conduct would not revest the trial court with jurisdiction.  In 
Sears
, 85 Ill. 2d at 256, the trial court entered judgment for Conde Sears and Gerald Sears moved to reopen the judgment on grounds that he did not have notice of a prior hearing that led to the judgment.  The court denied the motion.  Nearly 30 days later Gerald moved again to reopen the judgment, adding facts not mentioned in the prior motion.  Months later the court held a hearing in which the parties presented evidence concerning notice of the prior hearing.  The court again denied the motion to reopen the judgment and Gerald appealed.  He argued that Conde revested the court with jurisdiction by presenting evidence in the hearing held months after the court lost jurisdiction.  Our supreme court rejected the argument, noting that the parties did not retry the case.  Nothing in Conde's actions treated the judgment in her favor as anything less than a valid, binding judgment.  
Sears
, 85 Ill. 2d at 260.

Similarly, nothing in Gooneratne's actions treated the judgment in his favor as anything less than a valid judgment, as he, like Conde, sought to uphold the validity of the judgment.  His participation without raising a jurisdictional objection here, like Conde's in 
Sears
, did not revest the trial court with jurisdiction.  Because 
plaintiff
s failed to file a notice of appeal between April 19, 2000, and May 19, 2000, we lack jurisdiction to consider the appeal in docket number 1-00-1954.

No. 1-00-3352

In November 1999 the trial court permitted 
plaintiff
s to file an amended complaint, adding a count addressed specifically to Christ Hospital. 
Plaintiff
s alleged that the hospital:

"a. failed to have in effect a policy requiring prompt transmittal of radiologists' findings to surgeons in cases of emergent post-operative MRI evaluations;

failed to have in effect a sufficient or a written policy requiring prompt transmittal of radiologists' findings to surgeons in cases of emergent post-operative MRI evaluations;

failed to timely perform and interpret RICHARD McCORRY's post-operative MRI on 10-27-94;

failed to accurately interpret RICHARD McCORRY's post-operative MRI on 10-27-94."

Christ Hospital moved to dismiss the count, arguing that the statute of limitations barred the new claims.  The trial court agreed with Christ Hospital and dismissed the count.  At 
plaintiff
s' request, the court later added a finding of no just cause to delay enforcement or appeal of the dismissal. 
Plaintiff
s filed a timely notice of appeal, so Rule 304(a) gives us jurisdiction to decide the appeal in docket number 1-00-3352.

We review 
de novo
 the decision to dismiss the count. 
Shaker & Associates, Inc. v. Medical Technologies Group, Ltd.
, 315 
Ill. App. 3d
 126, 131, 733 N.E.2d 865 (2000).  Oddly, we would review for abuse of discretion if the trial court had denied 
plaintiff
s leave to amend based on the statute of limitations (see 
Cochran v. Perry County Road District No. 1
, 295 
Ill. App. 3d
 1089, 1094,  695 N.E.2d 65 (1998)), but because the court here permitted the amendment and then dismissed the count based on the statute of limitations, we review the judgment 
de novo
. 

The applicable statute of limitations requires filing of the complaint within two years of the date on which the 
plaintiffs
 knew or should have known of the injury for which they seek compensation.  735 ILCS 5/13-212(a) (West 1994).  The limitations period begins to run when a 
plaintiff
 has sufficient information to put a reasonable person on inquiry to determine whether actionable conduct caused the injury, even if the 
plaintiff
 lacks knowledge of a specific person's negligent conduct.  
Walters v. Marion Memorial Hospital
, 217 
Ill. App. 3d
 744, 746, 577 N.E.2d 915 (1991).  Thus, the limitations period does not begin anew each time pretrial discovery reveals that unsued persons may be liable or that other theories of liability may apply.

The surgery on October 27, 1994, left Richard paralyzed. 
Plaintiff
s do not allege or argue that they discovered that actionable conduct may have caused the injury at any later date before the filing of the lawsuit.  Accordingly, the limitations period for their claims in this lawsuit expired on October 27, 1996, two days after they filed their original complaint.  The claim in the amended complaint, filed in December 1999, came too late unless the count relates back to the original complaint.

According to section 2-616(b) of the Code of Civil Procedure:

"The cause of action *** set up in any amended pleading shall not be barred by lapse of time under any statute *** limiting the time within which an action may be brought ***, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted *** grew out of the same transaction or occurrence set up in the original pleading, *** and for the purpose of preserving the cause of action, *** an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended."  735 ILCS 5/2-616(b) (West 1998).

The later claim "grew out of the same *** occurrence" as the claim in the original complaint if the original complaint provided the 
defendant
 with all of the information necessary for preparation of the defense for the claim asserted later.  
Williams v. Board of Education of the City of Chicago
, 222 
Ill. App. 3d
 559, 563, 584 N.E.2d 257 (1991).  The later claim relates back if the original complaint directs the 
defendant
's attention to the facts on which the 
plaintiff
 bases the later claim. 
Williams
, 222 
Ill. App. 3d
 at 563.

Here, nothing in the original complaint indicated any problem in the transmittal of radiologists' findings to surgeons.  A defense to the original claim in no way prepared Christ Hospital to defend its policies regarding transmittal of radiology reports.  In subparagraphs a and b quoted above from the amended complaint, 
plaintiff
s alleged that Christ Hospital negligently failed to have a sufficient written policy requiring prompt postoperative transmittal of such reports to surgeons.  These allegations involve conduct by different persons at times different from the occasions of the negligent acts alleged in the original complaint.  Because the original complaint did not direct 
Christ Hospital
's attention to the allegedly negligent conduct of its officers responsible for instituting and enforcing policies for transmittal of radiological reports to surgeons, the allegations of subparagraphs a and b in the amended complaint do not relate back to the original complaint. See 
Weidner v. Carle Foundation Hospital
, 159 
Ill. App. 3d
 710, 713, 512 N.E.2d 824 (1987); 
Kennedy v. King
, 252 
Ill. App. 3d
 52, 56, 623 N.E.2d 955 (1993).

In subparagraphs c and d of the count added to the amended complaint, 
plaintiff
s allege that Christ Hospital's employees failed to interpret the postoperative MRIs accurately and promptly.  The original complaint included the charge that agents of Christ Hospital misinterpreted MRIs.  But the original complaint makes no reference to postoperative MRIs, and does not even assert that Richard had an MRI after the operation.  While several paragraphs in the original complaint refer to "the MRI films" without further specification, all such references appear after the factual assertion that "[o]n or about June 15, 1994, NIHAL GOONERATNE, M.D., administered and interpreted diagnostic MRI films of RICHARD MCCORRY's cervical spine."  Thus the original complaint drew the hospital's attention to the June 15 MRI and alerted the hospital to the need to defend the interpretation of that set of MRI films.

Preparation of a defense to the original complaint would not have included a defense of the interpretation of postoperative MRI films.  The defense can defeat a claim based on the postoperative MRI by proving that the alleged misinterpretation and delayed transmittal had no effect on 
plaintiff
s' injuries.  If Richard suffered irreversible paralysis in the surgery, any misinterpretation or delay in transmittal of the post-operative MRIs had no effect on his condition.  But if a second surgery shortly after the initial surgery stood a good chance of correcting the paralysis, the misinterpretation or delay in the transmittal of the postoperative MRIs might have a causal connection to Richard's current condition.  Nothing in the original complaint suggested that a second surgery might have corrected Richard's paralysis, and nothing in the original complaint alerted the hospital to the need to search for evidence concerning the potential reversibility of the paralysis.  Because the preparation of a defense to the allegations of delay and misinterpretation of postoperative MRIs would involve an investigation into facts completely irrelevant to the defense against the original complaint, the new allegations do not relate back to the original complaint.  See 
Cammon v. West Suburban Hospital Medical Center
, 301 
Ill. App. 3d
 939, 947, 704 N.E.2d 731 (1998).

Plaintiff
s claim that 
McArthur v. St. Mary's Hospital of Decatur
, 307 
Ill. App. 3d
 329, 717 N.E.2d 501 (1999), and 
Figueroa v. Illinois Masonic Medical Center
, 288 
Ill. App. 3d
 921, 681 N.E.2d 64 (1997), require a different result.  We disagree.  In 
McArthur
 the original complaint included allegations that several defendants misinterpreted specified sonograms and X rays, but the count against the hospital charged only a failure to preserve sonograms.  The amended complaint charged the hospital with misinterpreting the same sonograms and X rays identified in the original complaint.  The original complaint adequately directed attention to facts concerning the sonograms and X rays and alerted the hospital to the potential need to defend the interpretation of those sonograms and X rays.  The court explicitly distinguished cases of amended complaints including charges that the 
plaintiff
s had not directed against any 
defendant
s in the original complaint.  See 
McArthur
, 307 
Ill. App. 3d
 at 335.  The original complaint here did not charge any 
defendant
 with misinterpretation of postoperative MRI films, as the complaint did not mention such films.

In 
Figueroa
 the original complaint alleged that the 
defendant
 treated the 
plaintiff
's pregnancy negligently, especially after the delivery.  The court found the complaint broad enough to alert the defense to the need to explain all of its treatment of the 
plaintiff
 through the birthing process, both before and after delivery.  An investigation into the 
plaintiff
's postdelivery condition would involve an investigation into the causes of that condition, including her predelivery condition and the treatment she received during the birthing process.  

As the trial court here observed, the 
Figueroa
 decision appears to reward vagueness in the original complaint.  Here, however, 
plaintiff
s specifically identified the June 15 MRI films as the subjects of 
defendant
s' negligent misinterpretation.  The complaint alerted the defense to the need to defend the interpretation of only the films specifically identified, and the complaint did not even mention any other films.  The complaint entitled 
defendant
s to presume that 
plaintiff
s intended to refer back to the films already specified, when 
plaintiff
s in later paragraphs alleged negligent misinterpretation of "the MRI films."  
Figueroa
 and 
McArthur
 do not require reversal of the judgment here.

Plaintiff
s also argue that Christ Hospital had notice of the significance of the postoperative MRI films because its doctors ordered the MRI immediately following the surgery, once they realized Richard was paralyzed. 
 Christ Hospital's
 doctors examined the MRI to determine what had gone wrong in Richard's surgery.  Thus, two years before 
plaintiff
s filed the lawsuit, Christ Hospital knew that the postoperative MRIs provided significant evidence concerning Richard's injury.

An amended complaint that differs materially from the original complaint may relate back, as long as the 
defendant
 had clear notice of the facts included in the amendment prior to the expiration of the limitations period.  
Williams
, 222 
Ill. App. 3d
 at 563.  Thus, where discovery completed during the limitations period alerts the 
defendant
 to facts supporting a new claim, a later amendment including the new claim may relate back to the original filing.  
Wolf v. Meister-Neiberg, Inc.
, 143 Ill. 2d 44, 48, 570 N.E.2d 327 (1991).  The rationale for permitting relation back "is that a defendant will not be prejudiced by an amendment so long as 'his attention was directed, within the time prescribed or limited, to the facts that form the basis of the claim asserted against him.'" 
Boatmen's National Bank v. Direct Lines, Inc.
, 167 Ill. 2d 88, 102, 656 N.E.2d 1101 (1995), quoting 
Simmons v. Hendricks
, 32 Ill. 2d 489, 495, 207 N.E.2d 440 (1965).  That is, the 
defendant
 must have notice not only of the operative facts, but also of the 
plaintiff
's intention to assert a claim on the basis of those facts.  A 
defendant
's investigation outside  the context of litigation does not help an amendment relate back to the original complaint, because the investigation cannot inform the 
defendant
 of the intention of the 
plaintiff
 or anyone else to assert liability on the basis of the facts found in the investigation.

Here, the hospital's records of a postoperative MRI do not inform the hospital that 
plaintiff
s intend to claim that the hospital misinterpreted the MRIs.  Thus, the 
defendant
s' postoperative investigation into the cause of Richard's paralysis does not make the belated amendment relate back to the original complaint.

Finally, 
plaintiff
s argue that the court should estop the hospital from raising the statute of limitations as a defense because the hospital failed to respond promptly to all discovery requests, including requests for depositions.  
"Equitable estoppel arises through a party's voluntary conduct whereby he is precluded from asserting his rights against another who in good faith relied on such conduct and was thereby led to change his position to his detriment."  
Ciers v. O.L. Schmidt Barge Lines, Inc.
, 285 Ill. App. 3d 1046, 1049, 675 N.E.2d 210 (1996).  When a plaintiff seeks estoppel of a defendant who asserts that a limitations period bars the claim, the plaintiff generally cannot rely on acts occurring after the period has ended.  
Ciers
, 285 Ill. App. 3d at 1049.
  The plaintiff cannot have relied on such acts when he delayed presenting his claim.

Here the statutory period ended two days after 
plaintiff
s filed their complaint, and before 
plaintiff
s began the discovery process.
 
Plaintiffs cannot have relied on the conduct of any discovery in delaying amendment of the complaint until the expiration of the limitations period
.  The trial court had no basis for applying equitable estoppel to preclude Christ Hospital from raising the statute of limitations as a defense.  

Count III of the amended complaint, concerning Christ Hospital's liability for misinterpretation and delay in transmittal of postoperative MRIs, does not arise from the same occurrences as those set out in the original complaint.  Because the amended count does not relate back to the original complaint, we affirm the trial court's decision to dismiss count 
III of the amended complaint. 

We lack jurisdiction to consider 
plaintiff
s' untimely appeal from the 
summary judgment
 in favor of Dr. Gooneratne.  Because the original complaint did not provide Christ Hospital with all of the facts needed for preparation of the defense to the claims asserted in the amended complaint, count III of the amended complaint does not relate back to the original complaint.  The trial court correctly dismissed count III as untimely.  Therefore we dismiss the appeal in docket number 1-00-1954 and we affirm the judgment in docket number 1-00-3352.

No. 1-00-1954, Appeal dismissed.

No. 1-00-3352, Affirmed.

COHEN, P.J., and COUSINS, J., concur.