2026 IL App (1st) 250314-U

No. 1-25-0314

Order filed February 10, 2026

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| NIKITA DOROFF, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2024 M1 113052 |
| | ) | |
| FIRST MIDWEST REALTY, LLC and BRUNO STYRCZULA, | ) | |
| | ) | Honorable |
| | ) | Elizabeth A. Walsh, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE VAN TINE delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We dismiss this appeal because appellant failed to provide a sufficient record from which this court can ascertain its jurisdiction.

¶ 2    Plaintiff Nikita Doroff appeals *pro se* from the trial court's order entering judgment against him and in favor of defendants First Midwest Realty, LLC and its managing member, Bruno Styrczula (collectively, defendants). On appeal, Doroff contends the trial court erred in entering judgment for defendants where their broker committed fraud. We dismiss.

¶ 3    The record on appeal consists of one volume of the common law record and lacks a report of proceedings or substitute therefor.

¶ 4    On May 13, 2024, Doroff filed a complaint against defendants in small claims court, seeking $10,000 in damages for actions of a "Real Estate Broker" acting on behalf of First Midwest Realty. Doroff alleged the broker claimed that his office screened a potential tenant for Doroff, and he "provided financial documents along with the application" such as pay stubs and bank account statements. According to Doroff, the pay stubs and bank account statements "were forged," and the tenant stopped paying rent the month after moving in. Doroff alleged that he had begun eviction proceedings, and back rent and late fees totaled $16,247.50, although he would limit his damages to $10,000 in order to sue in small claims court. Doroff stated he had no written agreement with defendants and did not identify a legal basis for his claim.

¶ 5    On July 5, 2024, the trial court referred the matter to the Center for Conflict Resolution and ordered defendants' attorney to file an appearance if no settlement was reached. Defendants' attorney subsequently filed his appearance on September 1, 2024.

¶ 6    On October 4, 2025, defendants filed a combined motion to dismiss Doroff's complaint for failure to state a claim pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2024)) and motion for sanctions pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018). Defendants' motion to dismiss argued that Doroff had failed to allege with specificity the elements for breach of contract. Further, Styrczula denied "ever meeting or communicating" with Doroff and asserted that Styrczula was not a proper party to the suit. Defendants' motion for Rule 137 sanctions argued that, rather than accepting responsibility for his own bad business decision, Doroff sought to place blame on an improperly named defendant without any factual or

legal basis. Further, defendants contended, although Doroff's complaint alleged he had begun eviction proceedings, public records did not show his involvement in any eviction actions when he filed his complaint, thus undermining his claim and any related financial harm.

¶ 7 The trial court struck defendants' "2-615 motion" on October 7, 2024, and set the matter for trial on January 21, 2025.

¶ 8 On January 21, 2025, the trial court entered an order stating that defense counsel, Styrczula, and Doroff had appeared "for [b]ench trial, the [c]ourt having jurisdiction and being fully advised." The court ordered judgment for First Midwest Realty "after [t]rial." The court also granted "[d]efendant's" motion for a directed finding as to Styrczula, "having reviewed the motion, the evidence presented, and the argument of counsel, and being fully advised in the premises." The order did not mention defendants' motion for Rule 137 sanctions or include language stating that no just reason existed for delaying an appeal pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016).

¶ 9 Doroff filed a motion for clarification on February 4, 2025. The motion stated that "the ruling does not include details regarding the [c]ourt's reasoning, legal basis, or the specific findings that led to the decision." The record does not indicate whether the motion was heard.

¶ 10 Doroff filed a notice of appeal on February 19, 2025. After defendants failed to file their response within the time prescribed by Illinois Supreme Court Rule 343(a) (eff. July 1, 2008), this court granted Doroff's motion to proceed with his brief alone. *Ely v. Sheahan*, 361 Ill. App. 3d 605, 611 (2005) (a reviewing court can reach the merits where the record is simple, and the claimed errors can be easily decided without an appellee brief).

¶ 11    On appeal, Doroff informs this court he initiated the lawsuit because a "realtor" representing First Midwest Realty knowingly provided fraudulent documents in order to secure a lease for a tenant. Citing the "Illinois Fraud Statute (740 ILCS 10/1 et seq)" and "Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 et seq)," Doroff urges that he is providing proof of "misleading and misrepresenting statements" and "fraudulent" documentation provided by First Midwest Realty's representative. Doroff posits that, before he leased the property to a tenant, the broker represented that First Midwest Realty screened prospective tenants. However, the tenant at issue in the present litigation was not screened and defendants are liable for the actions of the broker, their agent. Doroff also asserts that the trial court "appeared to advocate for the defendant."

¶ 12    At the outset, Doroff's brief does not adhere to our supreme court's rules governing appellate briefs. See Ill. S. Ct. R. 341(h) (eff. Oct. 1, 2020). His brief does not contain an introductory paragraph, a statement of the issues presented for review, a jurisdictional statement, a statement of facts necessary to understanding the case, or an argument section with citations to the record and authority. See Ill. S. Ct. R. 341(h)(1)-(7) (eff. Oct. 1, 2020). "Reviewing courts are entitled to have the issues clearly defined, with pertinent authorities cited and a cohesive legal argument presented." *Bunjo v. State Farm Fire & Casualty Co.*, 2025 IL App (1st) 241010, ¶ 32. The supreme court rules are not suggestions, and *pro se* litigants are not exempt from their mandates. *Oruta v. B.E.W. & Continental*, 2016 IL App (1st) 152735, ¶¶ 30, 33. This court has the discretion to strike a noncompliant brief and dismiss an appeal for failure to conform to procedural rules. *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 45. However, we may decline to do so where, as here, "we can discern the question sought to be resolved" (*Dillon*

*v. Evanston Hospital*, 199 Ill. 2d 483, 493 (2002)) and "the issues raised on appeal are simple" (*In re Marriage of Debra N. & Michael S.*, 2013 IL App (1st) 122145, ¶ 44).

¶ 13    That said, deficiencies in the record on appeal prevent us from reaching the merits of Doroff's arguments.

¶ 14    As a threshold matter, " '[a] reviewing court must be certain of its jurisdiction prior to proceeding in a cause of action.' " *People v. Smith*, 228 Ill. 2d 95, 106 (2008) (quoting *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159 (1998)). We must dismiss where jurisdiction is lacking. *Doe v. Readey*, 2023 IL App (1st) 230867, ¶ 23.

¶ 15    Generally, our jurisdiction is limited to appeals from final judgments that ascertain and fix all of the parties' rights. *Pnevmatikos v. Pappas*, 2025 IL App (1st) 230739, ¶ 37; see also Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). An order that fails to dispose of all claims is not appealable absent a finding that no just reason exists for delaying an appeal pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). *People v. Seymore*, 2025 IL 131564, ¶ 25. This includes timely Rule 137 motions, which are considered claims in the cause of action to which they are connected. See *John G. Phillips & Associates v. Brown*, 197 Ill. 2d 337, 340-41 (2001).

¶ 16    Appellants bear the burden of establishing appellate jurisdiction and are responsible for providing a record sufficient to establish such jurisdiction. See *In re Marriage of Salviola*, 2020 IL App (1st) 182185, ¶ 36; see also *U.S. Bank National Ass'n v. In Retail Fund Algonquin Commons, LLC*, 2013 IL App (2d) 130213, ¶ 24. "We cannot presume that we have authority to decide an appeal" where the record is "insufficient to show our jurisdiction." *McCorry v. Gooneratne*, 332 Ill. App. 3d 935, 941 (2002).

¶ 17    As noted, defendants filed a combined motion to dismiss under section 2-615 and motion for Rule 137 sanctions. However, the trial court's October 7, 2024, order only explicitly disposed of the "2-615" motion, and it is unclear whether the court's decision resolved the Rule 137 portion of the combined motion. Plaintiff has not provided this court with a report of proceedings or an acceptable substitute from which we could make this determination. Moreover, the order does not contain Rule 304(a) language. In failing to provide any documentation as to whether the Rule 137 motion was disposed of or a Rule 304(a) finding made, Doroff has not provided a record from which we can ascertain that the October 7, 2024, judgment underlying this appeal is final and appealable. We therefore dismiss this appeal where our jurisdiction is unclear on the face of the record. See *McCorry*, 332 Ill. App. 3d at 941.

¶ 18    For these reasons, we dismiss this appeal because our jurisdiction cannot be ascertained from the record provided.

¶ 19    Dismissed.