BEST COIN-OP, INC., Plaintiff-Appellant, v. FOUNTAINS ON CARRIAGE WAY CONDOMINIUM ASSOCIATION, Defendant-Appellee.

First District (3rd Division)   No. 1—91—0435

Opinion filed November 25, 1992.—Rehearing denied February 5, 1993.

Glenn Seiden & Associates, of Chicago (Glenn Seiden, of counsel), for appellant.

Marshall N. Dickler, Ltd., of Arlington Heights (Marshall N. Dickler, of counsel), for appellee.

JUSTICE TULLY delivered the opinion of the court:

This case addresses the interpretation of a lease agreement entered into between the parties, wherein the exact duration of the lease term is in dispute. Plaintiff, Best Coin-Op, Inc., is in the business of leasing laundry room equipment to apartment buildings and other large living facilities. On August 25, 1978, plaintiff entered into a lease agreement for a certain laundry room space maintained by the defendant, Fountains On Carriage Way Condominium Association, a residential condominium complex located in Rolling Meadows, Illinois. Following a flood in August of 1987, plaintiff's laundry room equipment became damaged and inoperable, whereupon defendant removed the equipment from its facilities. Plaintiff then brought an action for wrongful eviction and breach of the existing lease agreement. On Oc-

tober 31, 1990, an order was entered granting partial summary judgment in favor of defendant.

Because plaintiff's appeal from the October 31, 1990, order does not meet the minimum technical requirements in accordance with the rules of the Illinois Supreme Court (134 Ill. 2d R. 321), we need not set forth in detail the remaining facts, which are quite numerous. Illinois Supreme Court Rule 321 reads:

"321. Contents of the Record on Appeal

*The record on appeal shall consist of the judgment appealed from,* the notice of appeal, and the entire original common law trial court record, unless the parties stipulate for, or the trial court, after notice and hearing, or the reviewing court, orders less. The trial court record includes any report of proceedings prepared in accordance with Rule 323 and every other document filed and judgment and order entered in the cause. There is no distinction between the common law record and the report of proceedings for the purpose of determining what is properly before the reviewing court. No assignment of errors or cross-errors is necessary." (Emphasis added.) 134 Ill. 2d R. 321.

The record on appeal filed by plaintiff in this action does not contain a copy of the October 31, 1990, order which is the "judgment appealed from." Plaintiff contends that the record is nevertheless sufficient because it contains a copy of the order entered January 11, 1991, wherein the trial court denied plaintiff's motion for reconsideration of the prior summary judgment order. We cannot agree.

An order denying an appellant's motion for reconsideration is not the order or judgment of the trial court which is brought before this court on appeal. Our role as a reviewing court is to consider the legal propriety of the trial court's decision, not in granting or denying a motion for reconsideration, but the underlying order or judgment which is at issue on a motion for reconsideration. In this case, plaintiff additionally failed to comply with Illinois Supreme Court Rule 341, by failing to include a jurisdictional statement, a section explaining the nature of the case and an appendix. 134 Ill. 2d R. 341.

Because appellant has failed to comply with the technical requirements necessary to our consideration of this cause, this appeal is hereby dismissed with prejudice.

Dismissed.

RIZZI and CERDA, JJ., concur.