2020 IL App (1st) 191491-U
No. 1-19-1491
Order filed August10, 2020

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON, f/k/a the Bank of New York, as Successor Trustee for JP Morgan Chase Bank, N.A., As Trustee for Novastar Mortgage Funding Trust, Series 2006-1 Novastar Home Equity Loan Asset-Backed Certificates, Series 2006-1, | ) ) ) ) ) | |
| Plaintiff-Appellee, | ) ) | Appeal from the Circuit Court of Cook County. |
| v. | ) ) | No. 19 M1 703973 |
| JASMINE WILLIAMS, DELECE WILLIAMS, LISA HILTONEN, LEONARD HILTONEN, KEITH WILLIAMS, JR., UNKNOWN OCCUPANTS, | ) ) ) ) | Honorable David A Skryd, Judge, presiding. |
| Defendants | ) ) | |
| DELECE WILLIAMS | ) ) | |
| Appellant. | ) | |

_____

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice Griffin and Justice Pierce concurred in the judgment.

**ORDER**

¶ 1    *Held*: Order denying motion to vacate eviction order affirmed where record did not show the trial court violated appellant's due process rights.

¶ 2    The Bank of New York Mellon obtained a consent judgment of foreclosure on residential property and then sought to evict appellant Delece Williams and others who were living there. The Bank served Williams by substituted service, and she filed an appearance. An attorney also filed an appearance on her behalf. After a hearing, the trial court entered an eviction order in the Bank's favor. Williams filed a motion to vacate the eviction order, which the trial court denied. Williams appeals *pro se* arguing her due process rights were violated because she did not receive proper notice of the foreclosure case or get her "day in court" in the eviction proceeding. We affirm. Williams presents no evidence showing she was entitled to notice of the mortgage foreclosure proceeding or that her due process rights were violated in the eviction proceeding.

¶ 3                                        Background

¶ 4    In June 2016, the Bank obtained a consent judgment of foreclosure against the owner of property located in Country Club Hills. After the consent judgment's entry, the Bank learned that Delece Williams and others were living in the house on the property. The Bank served demands for possession and filed an eviction complaint in 2017. The trial court granted the Bank an order of possession, and the sheriff evicted the occupants on January 24, 2019.

¶ 5    A few days later, Williams and others moved back into the house. The Bank filed a second eviction complaint on March 11, 2019, naming five defendants including Williams. (Only Williams is a party to this appeal.) Williams was served by substituted service on one of the co-defendants who resided in the house. Williams filed an appearance, as well as a petition for a waiver of court fees, which the trial court granted. A short time later, an attorney filed an appearance on Williams's behalf.

¶ 6    The trial court entered an eviction order in the Bank's favor on May 2, 2019, ordering Williams to move out by May 9. Williams filed a motion to vacate the order, which the trial court

denied, in her absence, on June 18. On the same date, Williams filed a motion for a continuance, explaining her absence was due to her having gone to the wrong courtroom. No ruling on that motion appears in the record. Williams filed a timely notice of appeal from the order entered on July 3, 2019. An order dated July 3 is not in the record.

¶ 7        The Bank filed a motion to dismiss the appeal on October 3, 2019, arguing that Williams failed to provide a complete record on appeal, because she did not include the July 3 order, as required by Illinois Supreme Court Rule 321 (eff. Feb. 1, 1994). This court denied the motion but directed Williams to supplement the record with the July 3 order by November 15. Williams did not comply. On March 10, 2020, this court again granted Williams an extension of time to supplement the record with the July 3 order. It appears Williams never supplemented the record, but a copy of the July 3 order is in the Bank's supplemental appendix to it brief. The order states the trial judge, with Williams and her attorney present, again denied the motion to vacate the eviction order.

¶ 8                                   Analysis

¶ 9        As a preliminary matter, we address the Bank's contention that we should strike William's brief and dismiss her appeal because she did not comply with the requirements of Supreme Court Rules 321 and 341(h). See Ill. S. Ct. Rs. 321 (eff. Feb. 1, 1994), 341(h) (eff. Dec. 13, 2005).

¶ 10        Illinois Supreme Court Rule 321 (eff. Feb. 1, 1994) provides, in relevant, part that the record on appeal "shall consist of the judgment appealed from, the notice of appeal, and the entire original common law record, unless the parties stipulate for, or the trial court, after notice and hearing, or the reviewing court, orders less."

¶ 11        The Bank argues that Williams's failure to include a copy of the July 3 order warrants dismissal because, without it, we cannot meaningfully consider the propriety of the lower court's

decision. See *Best Coin–Op, Inc. v. Fountains of Carriage Way Condominium Ass'n,* 239 Ill. App. 3d 1062, 1063 (1992); *In re A.H.*, 215 Ill. App. 3d 522, 529 (1991). We agree that Williams should have supplemented the record with the July 3 order, particularly after being given several opportunities by this court. But, a copy of the order is in the Bank's supplemental appendix and from it and Williams's briefs, we can discern that she is appealing the trial court's decision refusing to vacate its eviction order. So, we will not dismiss her appeal for violating Rule 321.

¶ 12    Williams's appellate brief does not comply with provisions of Illinois Supreme Court Rule 341(h)(6) and (h)(7) (eff. Feb. 6, 2013). Rule 341 requires the parties to present a clear and orderly argument so the reviewing court may ascertain and dispose of the issues involved. *Collier v. Avis Rent A Car System*, Inc., 248 Ill. App. 3d 1088, 1095 (1993). A reviewing court may dismiss an appeal where the appellant's brief fails to comply with supreme court rules. *Collier*, 248 Ill. App. 3d at 1095; *In re A.H.*, 215 Ill. App. 3d at 529.

¶ 13    Illinois Supreme Court Rule 341(h)(6) requires an appellant's brief to include a statement "contain[ing] the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate references to the pages of the record on appeal." Ill. S. Ct. Rule 341(h)(6) (eff. Feb. 6, 2013). Although her brief has a section entitled "Statement of Facts," it consists almost entirely of argument and comment, and it contains no citations to the record.

¶ 14    Likewise, Williams's brief fails to comply with Rule 341(h)(7), which requires the appellant's brief to include an argument section "contain[ing] the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. Rule 341(h)(7) (eff. Feb.6, 2013). Williams cites some statutes and cases, the argument section unnecessarily repeats itself, and fails to cite to pages of the record.

¶ 15    We are mindful of the challenges Williams faces in representing herself on appeal, but self-represented status does not excuse an appellant from complying with the appellate procedures established by our supreme court rules. *Coleman v. Akpakpan*, 402 Ill. App. 3d 822, 825 (2010). Violation of the rules, however, does not divest us of jurisdiction, but rather serves as an admonishment to the parties. *Brown v. Brown*, 62 Ill.App.3d 328, 332 (1978). We retain the discretion to consider the merits of the appeal, where (i) an appellant's brief sufficiently apprises us of the arguments (see *Young v. City of Centreville*, 169 Ill.App.3d 166, 169 (1988)), (ii) the facts necessary to understand the issue are relatively straight-forward (*In re Marriage of Burke*, 185 Ill. App. 3d 253, 255 (1989)), and (iii) the interest of judicial economy are best served by addressing the issues. See *Zadrozny v. City Colleges of Chicago*, 220 Ill. App. 3d 290, 293 (1991).

¶ 16    Dismissal of an appeal for Supreme Court Rule violations should be the last resort in extreme situations where meaningful review of the issues is impossible. Despite the deficiencies, the facts in this eviction proceeding are straight-forward, and Williams's brief sufficiently apprises us of her arguments. Williams contends that her due process rights were violated because she was not properly served with notice of the mortgage proceedings and did not have an opportunity to be heard in the eviction proceeding. In the interest of judicial economy, we will consider her arguments.

¶ 17                                  Due Process

¶ 18    Williams's first contention is that she had an interest in the foreclosed property because she is a tenant with a lease and had filed a motion to intervene in the mortgage foreclosure case under section 5/15-1501(e)(2) of the Code of Civil Procedure (735 ILCS 5/15-1501(e)(2)(West 2018)), and a motion to quash service of process. She asserts that because she had an interest, the trial court violated her due process rights by entering a consent foreclosure judgment without first

notifying her. Williams cites nothing in the record (nor could we find anything) to support that she had a lease, had intervened in the mortgage foreclosure proceeding, or filed a motion to quash service.

¶ 19    An appellant has the burden to present a sufficiently complete record to support his or her claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In the absence of a complete record, we must presume the trial court's order conformed with the law and had a sufficient factual basis. *Id*. at 392. "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id*. Williams has failed to provide a complete record; we presume that the trial court's eviction order and order denying Williams's motion to vacate conformed with the law and had a sufficient factual basis.

¶ 20    Williams also contends she was not properly served in the eviction case and did not get her "day in court." The record shows Williams was served on March 17, 2019, by substitute service on Jasmine Williams, a codefendant who was also living in the house. More importantly, the July 3 order states that Williams and her attorney were in court when the judge denied her motion to vacate the eviction. We have no transcript from that proceeding, which was incumbent on Williams to provide (*Foutch*, 99 Ill. 2d at 391-92) as support for her contention she was denied an opportunity to be heard. Without a transcript or a bystander's report, we must presume the trial court's ruling conformed with the law and that the trial court had a sufficient factual basis. *Id*. at 392.

¶ 21    Affirmed.