2023 IL App (1st) 230129-U

FIRST DISTRICT,
FIRST DIVISION
December 18, 2023

No. 1-23-0129

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| IN RE MARRIAGE OF: | ) | Appeal from the |
| | ) | Circuit Court of |
| GHEORGHE NISTOR, | ) | Cook County, Illinois. |
| | ) | |
| Petitioner-Appellant, | ) | No. 2014 D 10686 |
| v. | ) | |
| | ) | Honorable |
| MIAHAELA NISTOR, | ) | Regina Ann Scannichio, |
| | ) | Judge Presiding. |
| Respondent-Appellee. | ) | |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Justices Lavin and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Where the record on appeal does not include the judgment petitioner appeals from, the appeal is required to be dismissed.

¶ 2    The instant appeal arises from the trial court's entry of a judgment of dissolution of marriage between petitioner Gheorghe Nistor and respondent Mihaela[1] Nistor. Petitioner appeals from the trial court's purported order denying his motion to modify child support, terminate

_____

[1] Hereinafter, respondent's name is spelled in accordance with her filings in the trial court.

maintenance, and recover "overpaid" maintenance. However, the record provided by petitioner on appeal does not contain a copy of the trial court's order, and therefore petitioner has failed to satisfy the requirement of Illinois Supreme Court Rule 321 that the record contain the "judgment appealed from." Ill. S. Ct. R. 321 (eff. Oct. 1, 2021). Appeal dismissed.

¶ 3        Gheorghe and Mihaela were married on March 27, 2004, and had two children during the course of their marriage.

¶ 4        On November 24, 2014, Mihaela filed a petition for dissolution of marriage alleging irreconcilable differences and "extreme and repeated mental and physical cruelty." As part of the relief requested, Mihaela asked for custody of the children and temporary child support from Gheorghe. The trial court entered an order on August 5, 2016, stating that "Gheorghe agrees to pay the sum of $496.00 per month as and for maintenance to Mihaela" and "Gheorghe agrees to pay the sum of $557.00 per month as and for child support." On September 26, 2016, the trial court increased Gheorghe's maintenance obligation to $512 per month and child support obligation to $578 per month, respectively. The marriage was dissolved on December 5, 2016, following a settlement conference. As part of the settlement agreement, Gheorghe agreed to pay $512 in maintenance and $578 in child support per month.

¶ 5        On December 19, 2022, Gheorghe filed a "Motion for Child Support Modification, Maintenance Termination, and Overpayment Recovery." On January 17, 2023, Gheorghe filed a notice of appeal of "the court decision from December 27, 2022." The record on appeal filed by Gheorghe does not include a transcript or court order from December 27, 2022.

¶ 6　　　　Because petitioner's appeal[2] does not meet the minimum technical requirements of the rules of the Illinois Supreme Court (Ill. S. Ct. R. 321 (eff. Oct. 1, 2021)), we need not set forth the remaining facts. Illinois Supreme Court Rule 321 reads, in part:

> "*The record on appeal shall consist of the judgment appealed from*, the notice of appeal, and the entire original common law record, unless the parties stipulate for, or the trial court, after notice and hearing, or the reviewing court, orders less." (Emphasis added.) Ill. S. Ct. R. 321 (eff. Oct. 1, 2021).

¶ 7　　　　Gheorghe argues that the trial court erred in its judgment from December 27, 2022. However, the record on appeal does not include materials that would be relevant to the issues raised by Gheorghe, including the trial court's purported judgment from December 27, 2022. As the appellant, Gheorghe has a duty "to present a sufficiently complete record of the proceedings at trial to support a claim of error." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). Gheorghe acknowledges this omission in his brief, asserting, "Multiple times I tried to obtain a copy of the court order from December 27, 2022, but with no success."

¶ 8　　　　The common-law record submitted by Gheorge includes his "Motion for Child Support Modification, Maintenance Termination, and Overpayment Recovery" filed on December 19, 2022, and his notice of appeal filed on January 17, 2023. It does not include an order from the trial court addressing his motion. The report of proceedings submitted by Gheorghe includes only a transcript of the December 5, 2016, settlement hearing. The report of proceedings does not contain transcripts from any other hearings, including the purported December 27, 2022, hearing. Nor does it contain any adequate substitutes for transcripts, such as bystander's reports or agreed statements of facts. See Ill. S. Ct. 323(c), (d) (eff. July 1, 2017).

---

[2] Miahaela has not filed a brief on appeal. On August 23, 2023, this court ordered the case taken on Gheorghe's brief only.

¶ 9    Petitioner's failure to meet the requirements of Rule 321 deprives us of the opportunity to consider the legal propriety of the trial court's decision. See *Best Coin-Op, Inc. v. Fountains on Carriage Way Condominium Ass'n*, 239 Ill. App. 3d 1062, 1063 (1992). Without transcripts or appropriate substitutes, we do not know what evidence or arguments the parties put forward, and we are without the benefit of any oral explanations the trial court may have given for its decisions. See Ill. S. Ct. R. 323(a) (describing contents of report of proceedings).

¶ 10    Because the record does not contain the order of December 27, 2022, petitioner has not met the requirement of Ill. S. Ct. R. 321 to present the "judgment appealed from," and the appeal must be dismissed.

¶ 11    Appeal dismissed.