2024 IL App (1st) 220134-U

Nos. 1-22-0134 & 1-22-0194 (cons.)

Order filed May 13, 2024.

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| MODINAT ATORO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | Nos.   20 D 1441 |
| | ) | 20 OP 70759 |
| | ) | |
| SALIAH ATORO, | ) | The Honorable |
| | ) | Matthew Link, |
| Respondent-Appellant. | ) | Judge Presiding. |

JUSTICE LAVIN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Appeal dismissed where respondent failed to provide a copy of the judgment appealed from.

¶ 2    Respondent Saliah Atoro appeals *pro se* from a purported judgment entered in dissolution of marriage proceedings commenced by petitioner Modinat Atoro. On appeal, respondent disputes the child support award amount and allocation of certain marital assets to petitioner. However,

respondent did not provide a copy of the judgment or a transcript of proceedings or acceptable substitute. He therefore has failed to satisfy the requirements of Illinois Supreme Court Rule 321 (eff. Oct. 1, 2021) that the record on appeal contain the "judgment appealed from." Accordingly, we dismiss the appeal.

¶ 3     The record on appeal consists solely of one volume of common law record and is incomplete. From what we can glean, this appeal appears to concern two circuit court cases that were consolidated within the domestic relations division: (1) case number 20 OP 70759, arising from a petition for order of protection filed by petitioner against respondent; and (2) case number 20 D 1441, arising from a petition for dissolution of marriage between petitioner and respondent. The majority of the record consists of filings and orders related to the order of protection, although it does include an agreed order allocating parental responsibilities to the parties children. From the record, we cannot determine when the parties married, when the petition for dissolution was filed, what relief was requested and awarded, and whether or when a final judgment was entered.

¶ 4     On January 21, 2022, respondent filed a notice of appeal, appeal number 1-22-0134. The notice of appeal lacks essential information, such as the date of the judgment being appealed. On February 15, 2022, respondent filed a motion for leave to file a late notice of appeal, appeal number 1-22-0194, which this court allowed. The late notice of appeal identifies the date of the judgment being appealed as December 22, 2021.

¶ 5     This court granted respondent's *pro se* motion to consolidate the two appeals. We subsequently ordered the case taken for consideration on the record and respondent's brief only as petitioner did not file a brief within the time prescribed. See Ill. S. Ct. R. 343(a) (eff. July 1, 2008) (appellee has 35 days from the due date of the appellant's brief to file a response brief); see also

*First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) ("[I]f the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal.").

¶ 6    On appeal, respondent challenges a child support award amount and the allocation of marital assets to petitioner, namely a 2004 Lexus worth $8000 and merchandise from the couple's clothing store worth $50,000. He recites evidence and states "observations" but neither identifies a date of judgment nor cites the page of the record in which the challenged judgment may be found.

¶ 7    In his late notice of appeal, respondent listed the date of judgment appealed from as December 22, 2021. However, the record on appeal does not include an order or transcript from December 22, 2021, the sole date of judgment identified in either notice of appeal.[1]

¶ 8    As the appellant, respondent has the duty "to present a sufficiently complete record of the proceedings at trial to support" his claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984) ("From the very nature of an appeal it is evident that the court of review must have before it the record to review in order to determine whether there was the error claimed by the appellant."). To that end, Rule 321 provides that "[t]he record on appeal shall consist of *the judgment appealed from*, the notice of appeal, and the entire original common law record, unless the parties stipulate for, or the trial court, after notice and hearing, or the reviewing court, orders less." (Emphasis added.) Ill. S. Ct. R. 321 (eff. Oct. 1, 2021). While respondent is proceeding *pro se*, his *pro se* status does not "alleviate the duty to comply with our supreme court's rules governing appellate procedure." *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 7.

---

[1]The latest dated order included in the record is a September 21, 2021, order setting the case for a status call on November 18, 2021, and an in-person trial on December 16, 2021. The case summaries included in the record do not reflect that the trial court entered any order on December 22, 2021.

¶ 9    The record on appeal does not contain a transcript or court order from December 22, 2021, *i.e.*, "the judgment appealed from." Ill. S. Ct. R. 321 (eff. Oct. 1, 2021). Further, although the common law record shows that a trial was set in the divorce proceedings, respondent has not submitted a report of proceedings or a suitable substitute, such as a bystander's report or agreed statement of facts. Ill. S. Ct. R. 323(a), (c), (d) (eff. Jul. 1, 2017). Respondent's appeal does not meet the minimum requirements of Rule 321 and must be dismissed. See *Best Coin-Op, Inc. v. Fountains on Carriage Way Condominium Ass'n*, 239 Ill. App. 3d 1062, 1063 (1992) (dismissing appeal for failure to comply with Rule 321).

¶ 10    Not only does the record on appeal not contain the challenged judgment identified in defendant's late notice of appeal, but it also contains no orders or transcripts or appropriate substitutes relevant to his claims of error. This lack of information in the record frustrates our review, as we have no basis to review the trial court's judgment and any explanations the court may have given for its decision to determine whether the court committed the error respondent raises on appeal. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984).

¶ 11    Additionally, under Illinois Supreme Court Rule 341(h)(4)(ii) (eff. Oct. 1, 2020), respondent was required to provide a precise statement or explanation of this court's jurisdiction in his opening brief, including the supreme court rule or other law that confers jurisdiction upon this court. He did not do so. Respondent therefore has failed to demonstrate this court's jurisdiction and we cannot decipher our jurisdiction based on the limited record before us, which does not include the judgment appealed from. See *McCorry v. Gooneratne*, 332 Ill. App. 3d 935, 941 (2002) (stating this court "cannot presume that we have authority to decide an appeal on the basis of a record insufficient to show our jurisdiction.").

¶ 12    Given that the record does not contain the "judgment appealed from," respondent has not satisfied the requirements of Rule 321 and the appeal must be dismissed. See *Best Coin-Op, Inc. v. Fountains on Carriage Way Condominium Ass'n*, 239 Ill. App. 3d 1062, 1063 (1992) (dismissing appeal for failure to include the judgment appealed from in the record on appeal in violation of Rule 321).

¶ 13    For the foregoing reasons, we dismiss this appeal.

¶ 14    Appeal dismissed.