2025 IL App (1st) 240226-U

No. 1-24-0226

Order filed January 17, 2025

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| CAPITAL ONE BANK (USA), N.A., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 M4 785 |
| | ) | |
| SASHEEN K. DRAYTON, | ) | Honorable |
| | ) | Kevin T. Lee, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice Tailor and Justice C.A. Walker concurred in the judgment.

**ORDER**

¶ 1   *Held*:  Appeal dismissed where the judgments appealed are not included in the record and this court cannot ascertain its jurisdiction.

¶ 2   Sasheen K. Drayton, a self-represented litigant, appeals from three orders of the circuit court purportedly filed in March, October, and December 2023 in a debt collection proceeding brought by Capital One Bank (USA), N.A. Because none of these orders is included in the record, this court is unable to ascertain its jurisdiction and must dismiss this appeal.

¶ 3                                          Background

¶ 4     The limited record on appeal includes a complaint, summons, and affidavit of service, and the circuit court's case summary, half-sheet, and orders from April and June 2018. The record lacks a report of proceedings or a substitute.

¶ 5     From this sparse record we have determined that on February 7, 2018, Capital One filed a complaint, alleging that Drayton failed to make minimum payments on her charge account or line of credit. Capital One alleged that Drayton owed $3345.22 and sought a judgment for that sum "plus court costs and no [*sic*] attorney's fees." That same day, a summons issued with a return date of March 14. In an affidavit dated March 11, a deputy sheriff averred that Drayton had not been served, and checked the "WRONG ADDRESS" box. On April 5, an alias summons issued.

¶ 6     In June 2018, the circuit court entered a written order using a preprinted form stating that the court had been "fully advised." Checked boxes reflect that counsel for Capital One appeared and the case was dismissed without prejudice "By Agreement of Parties." A half-sheet entry for that date includes the notation, "ROUTINE ORDER DWOP." No further pleadings or orders appear in the common law record. Nor are any listed on the half-sheet or the case summary.

¶ 7     On January 30, 2024, Drayton filed a notice of appeal in the circuit court purporting to appeal from orders entered on March 17, 2023, October 13, 2023, and December 16, 2023.

¶ 8     We entered an order taking this case for consideration on the record and Drayton's brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 9                                          Analysis

¶ 10    This court has an independent duty to consider its jurisdiction. *People v. Gunn*, 2023 IL App (1st) 221032, ¶ 8.

¶ 11     The filing of a notice of appeal initiates appellate review. *Huber v. American Accounting Ass'n*, 2014 IL 117293, ¶ 8. Although notices of appeal are to be liberally construed (*People v. Smith*, 228 Ill. 2d 95, 104 (2008)), the notice of appeal must "specify the judgment or part thereof appealed from" and the record on appeal must include "the judgment appealed from" (Ill. S. Ct. R. 303(b)(2) (eff. July 1, 2017), R. 321 (eff. Oct. 1, 2021)). This court's jurisdiction "attaches only upon compliance with the rules governing appeals," and we lack authority "to excuse compliance with the filing requirements of the supreme court rules governing appeals." (Internal quotation marks omitted.) *People v. Lyles*, 217 Ill. 2d 210, 216 (2005).

¶ 12     "The appellant [Drayton] bears the burden of establishing jurisdiction." *In re Marriage of Salviola*, 2020 IL App (1st) 182185, ¶ 36. This court "cannot presume that we have authority to decide an appeal on the basis of a record insufficient to show our jurisdiction" *McCorry v. Gooneratne*, 332 Ill. App. 3d 935, 941 (2002). Absent jurisdiction, we must dismiss an appeal. *Gunn*, 2023 IL App (1st) 221032, ¶ 8.

¶ 13     As identified in Drayton's notice of appeal, she purports to appeal from orders entered on March 17, 2023, October 13, 2023, and December 16, 2023. Her brief further states that on February 5, 2024, the circuit court denied a postjudgment motion. But the record on appeal does not include orders entered on these dates. Nor has Drayton attached orders to her brief. See Ill. S. Ct. R. 342 (eff. Oct. 1, 2019) ("The appellant's brief shall include, as an appendix, *** the judgment appealed from.").

¶ 14     While a notice of appeal must be liberally construed (*Smith*, 228 Ill. 2d at 104), the omission of these orders precludes us from determining whether they are appealable under the supreme court rules (see Ill. S. Ct. R. 303 (eff. July 17, 2017); Ill. S. Ct. R. 307 (eff. Nov. 1, 2017)).

¶ 15    In reaching this conclusion, we note that the record on appeal includes an order dated June 28, 2018, in which the circuit court dismissed the case without prejudice. Consistent with the principle that a notice of appeal must be liberally construed (*Smith*, 228 Ill. 2d at 104), we have considered whether Drayton's brief on appeal evinces the intention to appeal from that order. From her brief that is not apparent. See *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 15 (appellate courts entitled to have issues clearly defined). Also, her notice of appeal, dated January 30, 2024, would be untimely as to the order of June 28, 2018. See Ill. S. Ct. R. 303(a) (eff. July 1, 2017) ("[t]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from").

¶ 16    Having reviewed the limited record and been unable to ascertain our jurisdiction, we dismiss this appeal. *Best Coin-Op, Inc. v. Fountains on Carriage Way Condominium Ass'n*, 239 Ill. App. 3d 1062, 1063 (1992) (dismissing appeal for failure to comply with Rule 321 where record on appeal lacked "a copy of the *** order which is the 'judgment appealed from' ").

¶ 17    Appeal dismissed.