2025 IL App (1st) 231743-U

No. 1-23-1743

Order filed February 27, 2025

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| ANTONIO ROBERT REESE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 L 9713 |
| | ) | |
| LANSING POLICE DEPARTMENT, | ) | Honorable |
| | ) | Kathy Flanagan, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Rochford and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1    *Held*: Plaintiff's appeal dismissed where the record on appeal does not include the judgment appealed from and this court could not ascertain its jurisdiction.

¶ 2    Plaintiff Antonio Robert Reese appeals *pro se* from a judgment of the circuit court that purportedly dismissed his complaint for malicious prosecution for failure to state a cause of action. As the record on appeal does not include a copy of the judgment, Mr. Reese failed to establish that we have jurisdiction over his appeal. Accordingly, we dismiss.

¶ 3                                    I. BACKGROUND

¶ 4      The record on appeal comprises a single volume of common law record, from which we have gleaned the following facts and procedural history. On September 22, 2023, Mr. Reese filed a *pro se* legal malpractice complaint against "STATE OF ILLINOIS LANSING POLICE" for malicious prosecution. He alleged that the State of Illinois violated the prohibition against involuntary servitude when he was arrested without probable cause, which did not lead to a conviction. On the same day, the Honorable Kathy Flanagan entered orders granting his application for waiver of court fees, dismissing his complaint as to the State of Illinois with prejudice, and striking the complaint for failing to state a "factually sufficient cause of action" with leave to file an amended complaint "as to the remaining defendant(s)." That same day, Mr. Reese filed an amended *pro se* complaint against "CITY OF MARKHAM LANSING POLICE DEPARTMENT," which Judge Flanagan also struck for failing to state a factually sufficient cause of action with leave to file a second amended complaint.[1]

¶ 5      On September 25, 2023, Mr. Reese filed a *pro se* amended complaint against "STATE OF ILLINOIS LANSING POLICE," which was time stamped 10:34 a.m. On the same day, Judge Flanagan struck his "second amended" complaint for failure to state a factually sufficient cause of action with leave to file an amended complaint. That same day, Mr. Reese filed another *pro se* amended complaint, naming "LANSING POLICE DEPARTMENT" as the defendant, which was timestamped 1:06 p.m. The record does not reflect a disposition of this amended complaint.

---

[1] The case summary report reflects that the Honorable Toya T. Harvey entered this order. However, the order in the record on appeal contains the Honorable Kathy Flanagan's signature and stamp.

¶ 6　On September 27, 2023, Mr. Reese filed a notice of appeal. The handwritten date of the judgment appealed is only partially legible and appears to state either September 20 or 26, 2023. The notice of appeal lists the Honorable Toya T. Harvey as the presiding judge. The common law record does not contain an order dated September 20 or 26, 2023, and the case summary does not reflect that orders were entered on either date.

¶ 7　　　　　　　　　　　　　　　　　II. ANALYSIS

¶ 8　On June 7, 2024, we entered an order taking this case for consideration on the record and Mr. Reese's *pro se* brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (reviewing court may decide a case on appellant's brief alone "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief").

¶ 9　On appeal, Mr. Reese argues that the circuit court erred in dismissing his complaint for failing to state a cause of action because he established the elements of malicious prosecution. As a preliminary matter, Mr. Reese's failure to fully comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), which "governs the form and content of appellate briefs," hinders our review of his appeal. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Mr. Reese's *pro se* status does not excuse his compliance with the appellate procedures required by our supreme court rules. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78.

¶ 10　In violation of Rule 341(h)(6) (eff. Oct. 1, 2020), Mr. Reese's brief does not contain a statement of facts "necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." Additionally, in violation of Rule 341(h)(4)(ii) (eff. Oct. 1, 2020), he failed to provide a "precise

statement or explanation" of this court's jurisdiction, "including the supreme court rule or other law which confers jurisdiction" upon this court. Similarly, his argument section fails to comply with Rule 341(h)(7) (eff. Oct. 1, 2020), where he failed to specify how the circuit court erred, or provide a cohesive legal argument with a reasoned basis for his contentions.

¶ 11    This court "has the inherent authority to dismiss the appeal" due to insufficiencies in Mr. Reese's brief (*Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005)), but we choose not to dismiss the appeal on that ground. Instead, we find we must dismiss the appeal because we are unable to ascertain our jurisdiction.

¶ 12    This court has an independent duty to consider its jurisdiction. *People v. Gunn*, 2023 IL App (1st) 221032, ¶ 8. The filing of a notice of appeal initiates appellate review (*Huber v. American Accounting Ass'n*, 2014 IL 117293, ¶ 8), and notices of appeal are to be liberally construed (*People v. Smith*, 228 Ill. 2d 95, 104 (2008)). Illinois Supreme Court Rule 303 provides that a notice of appeal must "specify the judgment or part thereof appealed from" (Ill. S. Ct. R. 303(b)(2) (eff. July 1, 2017)), and Rule 321 requires that the record on appeal include "the judgment appealed from" (Ill. S. Ct. R. 321 (eff. Oct. 1, 2021)).

¶ 13    Mr. Reese purports to appeal from an order entered on either September 20 or 26, 2023, but the record on appeal does not include an order entered on either date. See Ill. S. Ct. R. 321 (eff. Oct. 1, 2021) (the record on appeal shall include the judgment being appealed). In Mr. Reese's brief, he discusses an order he claims was entered on September 25, 2023, by Judge Harvey, which he attached to his brief. The order bears trial court number 2023 L 009713, lists Lansing Police Department as the defendant, and includes a checked box beside printed text stating the complaint "fails to state a cause of action" and is "dismissed with prejudice." The order is not included in the

common law record, nor does the case summary report mention an order entered by Judge Harvey on that date. Also, the order does not specify whether it was entered with reference to the original complaint or any of the amended complaints documented in the common law record. Consequently, Mr. Reese failed to establish this court's jurisdiction, and we cannot ascertain our jurisdiction based on the limited record before us. See *McCorry v. Gooneratne*, 332 Ill. App. 3d 935, 941 (2002) (this court "cannot presume that we have authority to decide an appeal on the basis of a record insufficient to show our jurisdiction").

¶ 14   Accordingly, due to plaintiff's failure to include a copy of the judgment appealed in the record on appeal, we are unable to ascertain our jurisdiction to review plaintiff's appeal and must dismiss. See *Knox v. Taylor*, 2012 IL App (2d) 110686 (dismissed appeal where court could not ascertain its jurisdiction); see also *Best Coin-Op, Inc. v. Fountains on Carriage Way Condominium Ass'n*, 239 Ill. App. 3d 1062, 1063 (1992) (dismissing appeal for failure to comply with Rule 321).

¶ 15                                         CONCLUSION

¶ 16   For the foregoing reasons, we dismiss this appeal.

¶ 17   Appeal dismissed.