2025 IL App (1st) 240956-U

No. 1-24-0956

Order filed June 25, 2025

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE BLACKWOOD, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 M1 715832 |
| | ) | |
| CHARLES NORWOOD and ALL UNKNOWN | ) | |
| OCCUPANTS, | ) | Honorable |
| | ) | Barry Goldberg, |
| Defendants-Appellants. | ) | Judge, presiding. |

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Lampkin and Justice Martin concurred in the judgment.

**ORDER**

¶ 1   *Held*: We affirm in part where the trial court did not err in striking defendant's postjudgment motions that were filed without proof of service on plaintiff. We dismiss in part where the record on appeal does not include a copy of an order from which defendant purports to appeal and is therefore insufficient to establish our jurisdiction to review the order.

¶ 2   Defendant Charles Norwood appeals *pro se* from the trial court's order granting possession

of an apartment on the 5200 block of South Blackstone Avenue in Chicago (apartment) to plaintiff

The Blackwood, LLC. On appeal, defendant contends that the trial court erred in entering a default judgment and violated due process by "providing false statements and conclusions." We affirm in part and dismiss in part.

¶ 3     The record on appeal does not contain a report of proceedings. We note that defendant filed his brief on appeal on September 11, 2024, attaching a transcript of a videoconference proceeding in the trial court on February 20, 2024. However, defendant did not move to supplement the record on appeal with the transcript pursuant to Illinois Supreme Court Rule 329 (eff. July 1, 2017). Consequently, we will not consider it on appeal. See, *e.g.*, *In re Parentage of Melton*, 321 Ill. App. 3d 823, 826 (2001) (a reviewing court will disregard "improperly appended documents," as "parties cannot use briefs and appendices to supplement the record"). Accordingly, the following background is derived from the common law record.

¶ 4     On October 12, 2023, plaintiff filed a complaint for eviction against defendant and all unknown occupants of the apartment alleging that defendant "held over after the tenancy ended." The record does not include a copy of the apartment lease. The record includes, however, a document titled "NOTICE OF TERMINATION OF TENANCY," which states that defendant's tenancy would terminate 120 days after service of the notice "[f]or good cause, based upon the Chicago Housing Authority's denial of Landlord's request for a rental increase." A certificate of service reflects that the notice of termination of tenancy was served on defendant on May 15, 2023.

¶ 5     On December 19, 2023, defendant filed several documents. In one of the documents, he denied having been served with the notice of termination of tenancy and asserted that he "became aware of this Notice on Friday, October 13th after inquiring *** why I received an email about being evicted."

¶ 6    On February 20, 2024, the court continued the matter for "TRIAL/PROVE UP *** via [Z]oom" at 9:30 a.m. on March 5, 2024.

¶ 7    On March 5, 2024, the court entered an order granting possession of the apartment to plaintiff. The order required defendant to vacate the property on or before March 12, 2024. The boxes checked on the form order reflect that the order was entered by default and that plaintiff's lawyer, but not defendant, appeared.

¶ 8    On March 12 and 18, 2024, defendant filed documents seeking, *inter alia*, recusal of the trial judge and a stay of judgment. Neither document includes a proof of service.

¶ 9    On April 3, 2024, the court entered an order finding that defendant had filed a "purported filing" without leave of court or "proper notice" to plaintiff and "solely for purpose of delay." The court struck the matter from the call, struck defendant's motion and "any future motions" with prejudice, and specified that the eviction order of March 5, 2024, would stand. The order noted that defendant "was not in court when case was called."

¶ 10    On the same day, defendant filed a motion to "void" and "strike" the judgment and for "remedy/compensation." Defendant alleged that he appeared for the hearing by teleconference, but neither the trial judge nor plaintiff "show[ed] up." A notice of motion stated the cause would be heard on April 24, 2024.

¶ 11    On April 15, 2024, the court entered an order striking the court date of April 24, 2024, and taking the matter off call.

¶ 12    On April 26, 2024, defendant filed a notice of appeal from the orders of April 3, 2024, and April 24, 2024. Also on April 26, 2024, defendant filed a motion to stay the eviction, noting the case was being appealed. The record does not reflect whether the trial court ruled on this motion.

¶ 13 On February 5, 2025, this court entered an order on its own motion taking the case for consideration on the record and defendant's brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (reviewing court may decide case on appellant's brief alone "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief").

¶ 14 On appeal, defendant argues that the trial court erred in entering a default judgment for eviction where defendant in fact attended the videoconference hearing on March 5, 2024, and neither defendant nor the trial judge "appeared for the scheduled Zoom court date" on April 2, 2024. Defendant also contends that the court violated due process by "providing false statements and conclusions."

¶ 15 As an initial matter, in his brief on appeal, defendant asserts that he was evicted from the apartment on June 21, 2024. Although the record on appeal does not indicate when or whether the eviction occurred, if we accept defendant's representation as true, the fact that he has been evicted would render this appeal moot. See, *e.g.*, *2242 Archer Court, LLC v. Roberts*, 2023 IL App (1st) 221655-U, ¶¶ 14-15 (finding issue of possession moot where sheriff enforced eviction order and removed defendant from property and plaintiff acquired possession (citing *Circle Management, LLC v. Olivier*, 378 Ill. App. 3d 601, 607 (2007)) (cited as persuasive authority under Illinois Supreme Court Rule 23(e) (eff. June 3, 2025)).

¶ 16 This court "may take judicial notice of readily verifiable facts if doing so will aid in the efficient disposition of a case, even if judicial notice was not sought in the trial court." (Internal quotation marks omitted.) *Aurora Loan Services, LLC v. Kmiecik*, 2013 IL App (1st) 121700, ¶ 37. Although we have no reason to doubt the accuracy of defendant's representation that the eviction

occurred, nothing before this court provides a "readily verifiable" basis for taking judicial notice of the eviction; that information is, ultimately, *dehors* the record. Putting aside the issue of mootness, however, defendant is not entitled to relief.

¶ 17   Defendant's notice of appeal sought review of orders entered by the trial court on April 3 and 24, 2024.

¶ 18   Turning first to defendant's appeal from the order of April 3, 2024, on that date the court entered an order finding that defendant had filed a "purported filing" without leave or "proper notice" to plaintiff and "solely for purpose of delay." The court struck the matter from the call, struck with prejudice defendant's motion and "any future motions," and specified that the eviction order of March 5, 2024, would stand. The record establishes that the "purported filings" at issue, *i.e.*, the requests for recusal and a stay of judgment that defendant filed on March 12 and 18, 2024, respectively, did not include proofs of service in violation of Illinois Supreme Court Rule 12(a) (eff. July 1, 2017) ("When service of a document is required, proof of service shall be filed with the clerk."). Given these circumstances, the circuit court's order was not improper.

¶ 19   As to the order purportedly entered on April 24, 2024, there is no such order in the record on appeal.

¶ 20   "A reviewing court must be certain of its jurisdiction prior to proceeding in a cause of action." *R.W. Dunteman Co. v. C/G Enterprises*, Inc., 181 Ill. 2d 153, 159 (1998). To that end, as the appellant, it is defendant's burden to provide this court with a record sufficient to establish our jurisdiction to consider his appeal. *U.S. Bank National Ass'n v. In Retail Fund Algonquin Commons, LLC*, 2013 IL App (2d) 130213, ¶ 24 (citing Ill. S. Ct. R. 341(h)(4) (eff. July 1, 2008)). The record on appeal must reveal the basis for appellate jurisdiction. *Tunca v. Painter*, 2012 IL

App (1st) 093384, ¶ 25. We cannot assume that we have authority to decide an appeal on the basis of a record insufficient to show our jurisdiction. *McCorry v. Gooneratne*, 332 Ill. App. 3d 935, 941 (2002). When jurisdiction cannot be ascertained, we must dismiss the appeal. *Knox v. Taylor*, 2012 IL App (2d) 110686, ¶ 3.

¶ 21 Here, the record on appeal lacks a copy of an order dated April 24, 2024. The purported order is not mentioned in the case summary in the common law record. Further, defendant, as appellant, has not provided a report of proceedings or acceptable substitute therefor for that date from which we can glean the content of the alleged order. Ill. S. Ct. R. 321 (eff. Oct. 1, 2021) (the record on appeal must include "the judgment appealed from"); Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017) (bystander's report or agreed statement of facts may be submitted when report of proceedings is unavailable).

¶ 22 As the record on appeal does not substantiate whether the circuit court entered the judgment that defendant purports to appeal, much less the substance of the purported judgment, we are unable to ascertain our jurisdiction and, therefore, must dismiss this appeal as to that purported judgment. See *Best Coin-Op, Inc. v. Fountains on Carriage Way Condominium Ass'n*, 239 Ill. App. 3d 1062, 1063 (1992) (dismissing appeal where record lacked "a copy of the *** order which is the 'judgment appealed from.' ").

¶ 23 For the foregoing reasons, we affirm the circuit court's order of April 3, 2024, and dismiss defendant's appeal from the purported order of April 24, 2024.

¶ 24 Affirmed in part; dismissed in part.